Mallett *v.* White.

AARON MALLETT, TRUSTEE, *vs.* NOAH W. WHITE AND ANOTHER.

An action was brought by "*A. M.*, first trustee of the L. R. Methodist Society," for a trespass upon land alleged to be in the plaintiff's possession. Held that the defendants, who made no claim of title, could not set up the' want of legal corporate existence in the society, nor that the plaintiff was not legally appointed its first trustee, but that mere possession on the part of the plaintiff as such trustee was sufficient.

It seems that if the plaintiff had been in exclusive possession in his individual capacity he might have maintained the suit, asking the court to reject the words "first trustee," &c., as mere *descriptio personæ*.

[Argued June 20th—decided July 16th, 1884.]

ACTION for trespass to land; brought, by appeal from a justice of the peace, to the Court of Common Pleas, and tried in that court to the jury before *Hall, J.* Verdict for the plaintiff and appeal by the defendant. The case is sufficiently stated in the opinion.

*H. W. Taylor*, for the appellant.

*L. D. Brewster*, for the appellee.

LOOMIS, J. This is a complaint for trespass to land. The chief grounds of appeal by the defendants from the rulings and judgment of the court below assume that the plaintiff's case is dependent wholly upon his title under the will of Selleck Lobdell and therefore that the questions to be decided by this court are, as the defendants' brief expresses it:—1st, as to the construction of the will; 2nd, whether the so-called Long Ridge Society was a legal corporation capable of taking the property in dispute under the will; and 3d, whether the suit should be brought in the name of the plaintiff as first trustee or by the so-called Long Ridge Society.

The questions thus raised and discussed are by no means free from difficulty, but the defendants erroneously assume

that their solution is indispensable to the maintenance of this action.

No principle is more firmly established than that mere possession of land, however recent, is a sufficient title to support an action of trespass against one who has not a better right. Indeed the person who is in peaceable possession is regarded as owner, except in a contest with one who shows a superior title. 1 Swift's Revised Digest, 522; 2 Waterman on Trespass, § 909; Moak's Underhill on Torts, 368; 6 Wait's Actions & Defences, 65.

The principle above enunciated, fully supported by the authorities cited, will control the case at bar. The defendants wholly failed to show or even to plead title. The question of possession was properly the prominent one on the trial. The finding is that "the question whether the plaintiff or defendant was in possession of the land was by the court submitted to the jury as a question of fact, as requested by the counsel for the plaintiff and defendants." And this issue was found in favor of the plaintiff. But the defendants also upon the trial made the point that the plaintiff could not sue in his capacity of "first trustee" without showing a legal appointment as such by a society capable of making it. It would however seem that if the plaintiff was the person in actual and exclusive possession he might in his individual capacity if necessary maintain the suit against a mere wrong-doer, by asking the court to reject the words "first trustee" &c., as mere *descriptio personæ;* but it is not necessary to place the decision on this ground, for, if the plaintiff had possession under color of office as trustee, it was surely all that a wrong-doer could possibly require.

The court below went farther than was necessary in assenting to the defendants' requests when the plaintiff was required to prove the trustee capacity in which he sued and also the legal existence of the religious society referred to in the will, in addition to the fact that he was in actual possession as first trustee. All these issues were distinctly submitted to the jury and found in favor of the plaintiff.

But complaint is made that the finding was the result of improper testimony, which was objected to by the defendants but admitted by the court.

The evidence which was received was that the Long Ridge Methodist Episcopal Society had long existed and acted under that name, and that it sprung from the Methodist Episcopal Society of Redding, and that the plaintiff was appointed a trustee September 17th, 1878, and has acted as such ever since, and that since 1881 he has acted and been recognized as first trustee. All this was shown by parol evidence, except the appointment of the plaintiff as trustee at a business meeting of the Long Ridge Society in 1878, which was shown by a copy of record certified only by the president of the board of trustees but purporting to have been attested at the time by the secretary of the board.

Whether this evidence was sufficient to establish the legal existence of the Long Ridge Society, or to show that the plaintiff could rightfully exercise the office of first trustee, we think is immaterial for the purposes of this case. The evidence at least was sufficient to show that the plaintiff was acting as first trustee, and that as such he was in possession under color of office, so that even if the court erroneously gave effect to the evidence beyond its legitimate bounds, no harm was occasioned to the defendants, who stand before the court merely as wrong-doers on land in the peaceable possession of the plaintiff, picking flaws in the organization of a religious society and in its title under a will probated and administered upon many years ago, and with which, so far as this case discloses, they have no concern.

There was no error in the rulings and judgment complained of.

In this opinion the other judges concurred.