THE CONNECTICUT LIGHT & POWER COMPANY *v.* ELIZABETH FLEETWOOD.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued May 3d—decided June 9th, 1938.

*Samuel Engleman,* for the appellant (defendant).

*Walter F. Torrance,* for the appellee (plaintiff).

JENNINGS, J. The plaintiff sued the defendant for trespass, asking for an injunction. The defendant answered and by special defense claimed title to the land on which the trespass was committed. After issue joined the case was tried to the court, which found for the plaintiff on both the complaint and special defense and issued a permanent injunction.

Just prior to 1919, the plaintiff undertook the construction of the Stevenson Dam on the Housatonic River. As a part of this project it was necessary to flood certain properties in the neighborhood and to construct a new highway for the use of the public. Accordingly the farm of the late John Dillon was acquired from his heirs and two pieces of property lying east of this farm were purchased from Thomas

Burton. The Dillon land was bounded easterly (as far as this case is concerned) on land of John Laughlin, predecessor in title of Burton. Both Burton pieces were described by courses and distances and bounded westerly on Dillon. In accordance with the defendant's request, the court found that the deed of the first piece contained an inaccurate description in that the bearing of the first course should be east instead of west and the area should have read .85 acres instead of .58 acres. Much of the Dillon land and part of the Burton land was flooded by Lake Zoar. The new highway was constructed near the former boundary between the Dillon and Burton farms and ran in a general north and south direction. The defendant acquired title to most of the remaining land of Burton in 1934. The plaintiff now claims nothing east of the new highway. The real question is whether the defendant owns the land west of this highway on which the trespass is claimed to have been committed. On this principal issue the court found that the plaintiff owned no land east of the highway but did own all of the land in dispute west of the highway and that the defendant owned no land west of the highway.

The disputed land was rugged and rose steeply from the lake. No one made much use of it but Burton did cut some brush and graze his horse there. The defendant has frequently crossed the land to the lake on which she has maintained several rowboats. She also placed signs on the property without the plaintiff's consent. The plaintiff took down these signs, put up signs of its own, flooded a part of the property, constructed the road and deeded it to the town of Oxford, sold two parcels and granted a right of way to others and went on the land and offered it for sale to a prospective purchaser.

These findings of fact led the court to the conclu-

sion that the plaintiff had title to the property in question and to the additional conclusion that the plaintiff was without remedy at law and was entitled to a permanent injunction to prevent future trespasses. These conclusions were attacked by the defendant in the usual way, her principal complaint being directed to the finding that the defendant owned no land west of the new highway.

There was ample evidence to support this finding. When this controversy arose, the whole matter was turned over to the plaintiff's engineer for investigation and report. He did a thorough and competent job. All available records were consulted and skillfully tied in with the very meager physical landmarks available. While the means employed by the engineer are now attacked on appeal, the evidence was before the court without objection and was sufficient in itself to justify the conclusion reached. *Keeler* v. *Sears, Roebuck Co.*, 121 Conn. 56, 60, 183 Atl. 20. The plaintiff claimed the error in the description of Burton's first piece and the defendant requested the court to so find it. As written, the deed was meaningless. With the errors corrected a perfectly reasonable layout was obtained on the ground. Under these circumstances the court was justified in treating the error as a clerical one. *Tolman* v. *McKay*, 114 Conn. 98, 100, 157 Atl. 647; *Whitaker* v. *Poston*, 120 Tenn. 207, 110 S. W. 1019, 1023; 18 C. J. 285. In dealing with a situation of this character all of the surrounding circumstances may be considered. *Taylor* v. *Danbury Public Hall Co.*, 35 Conn. 430, 434, cited in *Tierney* v. *Second Ecclesiastical Society*, 103 Conn. 332, 339, 130 Atl. 286.

The claim of the defendant to own land west of the highway is inconsistent with the abandonment by her of any claim to the land embraced within its bound-

aries since it must have cut through the land claimed by her. A former owner of the Burton land testified that he owned no land west of the highway and, although subjected to a searching cross-examination, his statement stood. An owner is presumed in law to have knowledge of the boundaries of his own land. *Turgeon* v. *Woodward*, 83 Conn. 537, 545, 547, 78 Atl. 577, citing *Smith* v. *Forrest*, 49 N. H. 230, 236. Declarations of Burton, when a former owner, were admissible under the circumstances disclosed in the record as inconsistent with and therefore affecting the weight to be given other statements which witnesses offered by the defendant had testified he had made. The assignment of error directed to the admission of this evidence is without merit.

The finding shows that, due to the character and location of the land, it was not much used by anyone. The defendant, relying on this fact, claims that the possession of the plaintiff was not such as to support an action of trespass. The circumstances detailed, however, fairly bring the plaintiff within the rule that it was at least in constructive possession by virtue of title and absence of actual exclusive possession by another. *Gura* v. *Scotnickie*, 102 Conn. 83, 92, 128 Atl. 22; *Burlington* v. *Twining*, 115 Conn. 45, 49, 160 Atl. 300.

None of the other attacks on the finding with reference to title merit consideration. The conclusion of the court in this respect is supported by the facts found. It must stand. *McMahon* v. *Stratford*, 83 Conn. 386, 388, 76 Atl. 983. The assignment of error directed to the admission of evidence has been discussed. There remains only the question of the injunction.

"As a general rule an injunction will not be granted to prevent a threatened trespass. But where there

is something particular in the case, so as to bring the injury under the head of quieting possession, or so as to make out a case of irreparable mischief, or where the value of the inheritance is put in jeopardy, an injunction may be awarded." *Smith* v. *King*, 61 Conn. 511, 515, 23 Atl. 923; *Stein* v. *Coleman*, 73 Conn. 524, 526, 48 Atl. 206; *Beckerle* v. *Danbury*, 80 Conn. 124, 128, 67 Atl. 371; *McNamara* v. *Watertown*, 100 Conn. 575, 579, 124 Atl. 244. The facts found do not disclose any of the conditions indicated but, on the contrary, lead irresistibly to the conclusion that the settlement of the title will effectively dispose of the dispute between the parties. No allegation of threatened future trespasses appears in the complaint nor, as stated, do the facts found indicate that these will occur. *Boglino* v. *Giorgetta*, 20 Colo. App. 338, 78 Pac. 612, relied on by the plaintiff discloses a very different situation. The prayer for an injunction should not have been granted.

There is error in part and the case is remanded with direction to enter judgment for the plaintiff in accordance with this opinion.

In this opinion the other judges concurred.