This is an action in the nature of trespassquare clausum fregit (see Avery vs. Spicer, 90 Conn. 576,579) for the alleged wrongful invasion by defendant of the possessory rights of plaintiff respecting a portion of a certain tract of land located in the Town of Cromwell.
Paragraph 1 of the complaint alleges that "On March 1, 1942 the plaintiff owned and possessed a certain tract of land in said Cromwell, bounded and described as follows: .... (description given)"; and paragraph 2 alleges that "On or about said March 1, 1942 defendant wrongfully entered upon a portion of said land, uprooted and tore down portions of plaintiff's fences surrounding said land and built new fences around the area trespassed upon, cut and removed hay and other vegetation belonging to the plaintiff, cut off the access of plaintiff's cattle to a well which plaintiff drilled many years ago and had used for cattle watering up too the time of defendant's unlawful intrusion; furthermore, defendant has occupied and kept possession of said land and still continues to *Page 127 
do so, all to the great damage of plaintiff and plaintiff's cattle."
Defendant's answer is a general denial.
"Trespass to land is an unlawful invasion of another's right of possession." McPheters vs. Loomis, 125 Conn. 526, 530, citing Avery vs. Spicer, supra. "It is a well recognized rule of law that in an action of trespass, the possession of the land by the plaintiff .... is sufficient to support the action unless the defendant can show a superior right." Town of Burlingtonvs. Twining, 115 Conn. 45, 49, and cases there cited. "The inquiry as to the title of the plaintiff thereto, though an issue in the pleadings, [is] only incidental to the main question whether the defendant [has] interfered with the plaintiff's right of possession." Burlington vs. Twining, supra, p. 48; and in general see Avery vs. Spicer, supra, pp. 578-580 andToby vs. Reed, 9 Conn. 216, 223.
There is no question but that plaintiff became the owner of record of two pieces of land in Cromwell, the first comprised of about 61 acres and the second of about 32 acres, under the deed of the Tuttle Brick Company dated April 30, 1921, and duly recorded in June of that year. See plaintiff's Exhibit A.
So also there is no question but that defendant became the owner of record of some five acres of land under the tax deed of the Town of Cromwell dated February 10, 1942, and recorded in February of the following year (February 11, 1943). See defendant's Exhibit 1.
The controversial question in the case is whether the five acres, more or less, on which the alleged acts of trespass of the defendant relate, form a part of the first piece of 61 acres (southeast portion thereof) conveyed to plaintiff under the deed in his favor of April 30, 1921. In this connection it is to be noted that at the trial plaintiff took the position that the five acres, more or less, conveyed to defendant under the latter's deed of February 10, 1942, comprise that area blocked off in plaintiff's Exhibit B (a plot) and therein designated "Estate, or Heirs of Henry E. Fowler", etc. As noted previously, defendant by way of answer has simply filed a general denial to plaintiff's allegations of ownership, possession and trespass.
Accordingly, this is not an action to settle and quiet title *Page 128 
to land brought under the statute. Assuming, without conceding, that defendant is the owner of record of the five acres, more or less, involved in this case, it does not necessarily follow that plaintiff fails in his action. In the last analysis the inquiries are: Was plaintiff at the time of the alleged trespass in possession of the acreage in question? Did defendant commit thereon the acts alleged in paragraph 2 of the complaint? See Orentlicherman vs. Matarese, 99 Conn. 122,125. As noted previously, title or record ownership, is but incidental. Right of possession is the main point in issue.
The court finds that since the spring of 1921, plaintiff has been in open and visible possession of the acreage in question and that such possession was uninterrupted for a period of nearly 21 years (on or about March 1, 1942; see complaint, paragraph 2); that during this period he has worked the land and used it in the main for farming purposes. His good faith stands unquestioned on the record of the case. These findings are deemed decisive of the case on the pleadings and evidence submitted thereunder.
Rather than leave the question of title open to future litigation, the court feels justified in expressly finding upon the evidence, and does so find, that plaintiff has prevailed under his allegation of ownership which is concluded herein to be tantamount to ownership of record. The description contained in defendant's deed, when considered with the other evidence in the case, is of no practical assistance. Plaintiff's deed sufficiently conforms to his allegation on this aspect and the evidence in its entirety warrants a finding of ownership of record.
On June 18, 1943, the court with counsel, visited and viewed the premises. It is sufficient to say that this aspect has been taken into consideration in determining that the issues in the case should be resolved for the plaintiff.
A forcible trespass without special damages entitles a plaintiff to only nominal damages. Orentlicherman vs. Matarese,supra, p. 128. The court finds, however, that plaintiff has sustained special damages substantially in accordance with the allegations in paragraph 2 of his complaint. "If the trespass was by actual force, supporting an action vi et armis, all damages, direct and consequential, may be recovered." 63 C.J.Trespass § 227, pp. 1036-1037. *Page 129 
Damages are awarded plaintiff as follows:
 Re-setting torn down fences ...................... $ 70 Taking and misappropriation of hay ............... 270 Required repairs to broken water trough .......... 10 Ouster of possession for at least two months, thus
 preventing plaintiff rightful use as owner and possessor and particularly deprivation during period of purposes in connection with pasturing and watering of cattle .......................... 100 ----- $ 450
In passing, it is noted that paragraph 3 of the complaint alleges that defendant has concealed or conveyed away part of his estate "to prevent same from being taken by legal process." No evidence was offered by plaintiff under this allegation. Accordingly, the court finds the specific allegation in favor of defendant.
 The issues being found in favor of the plaintiff, except as specified in the preceding paragraph, judgment will enter for the plaintiff to recover of the defendant damages in the amount of $450. Costs are awarded plaintiff as an incident of judgment.