IRENE A. STAFF *v.* LOUIS E. HAWKINS

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued December 7, 1948—decided February 1, 1949

*George A. Saden,* for the plaintiff (appellant).

*John R. Cuneo,* with whom was *Frederick Lovejoy, Jr.,* for the defendant (appellee).

JENNINGS, J. Plaintiff and defendant are adjoining landowners. Their lots bound south on Howard Avenue in Norwalk. The location of the boundary line between their properties is the basis of the present dispute. The plaintiff brought an action of trespass for the wrongful invasion of her rights and claimed an injunction and damages. Title was pleaded but is only incidentally relevant to a possessory action of this character. *Milardo* v. *Branciforte,* 109 Conn. 693, 695, 145 A. 573; *Burlington* v. *Twining,* 115 Conn. 45, 48, 160 A. 300. The parties tried the case as though title was the main issue and it will be discussed on that basis. Conn. App. Proc. § 22.

The state of the title, as reflected in the finding, was rather involved, but the following summary is adequate to dispose of the case. In 1909 Mary Safkr was the owner of a tract of land on the north side of Howard Avenue of which the lots now owned by the plaintiff and defendant were parts. She conveyed the easterly fifty feet to a predecessor in title of the defendant, to whom it then came by mesne conveyances. In the last two deeds in his chain of title, the width is given as fifty feet more or less.

In 1933 Mary Safkr conveyed the land west of that of the defendant to the plaintiff's predecessor in title. Up to 1934 it was not disputed that the division line between the plaintiff's and defendant's properties was indicated by a line of fruit trees. The trees have now been removed but the contour of the lot caused by grading shows the same line. After 1934 a dispute arose over the exact location of the line and eventually

this action was brought. The trial court concluded that there was no point from which to measure off and fix the westerly boundary of the fifty-foot lot deeded by Mary Safkr to the defendant's predecessor in title; that the line claimed by the defendant and as shown on a map drawn by an engineering firm and admitted as an exhibit was treated by the adjoining owners as the true division line from 1912 to 1934; and that it was the true boundary line. Judgment was for the defendant.

The plaintiff has indulged in one of those wholesale attacks on the finding which have been so frequently criticized by this court. *Gallaher* v. *Southern New England Telephone Co.*, 99 Conn. 282, 290, 121 A. 686; *Palmer* v. *Palmer*, 107 Conn. 89, 90, 139 A. 507; *Pennsylvania-Dixie Cement Corporation* v. *Lines Co.*, 119 Conn. 603, 608, 178 A. 659; *Housatonic Valley Ins. Agency, Inc.* v. *Klipstein*, 125 Conn. 274, 275, 5 A. 2d 16. She admits that she is faced with a difficult task since the evidence was not stenographically reported and therefore none could be certified. This is an understatement. Her difficulties are insuperable. When the evidence is not printed there is no way to correct the finding. The finding is made by the court, and an admission in the counterfinding of a statement in the draft finding does not require its addition to the finding. *Wilson* v. *M & M Transportation Co.*, 125 Conn. 36, 42, 3 A. 2d 309. The only assignments of error available to the plaintiff are those which claim that the subordinate facts do not support the conclusions or that those conclusions were controlled by an erroneous view of the law. *Vreeland* v. *Irving*, 91 Conn. 272, 279, 99 A. 574; *Wheatley* v. *Dubuc*, 93 Conn. 271, 273, 105 A. 616; *Burakowski* v. *Grustas*, 134 Conn. 205, 207, 56 A. 2d 461.

It is obvious that the finding as made supports the

conclusions reached. None of the deeds described in the finding or the abstract of title made a part thereof tie the measurements of the frontage of the defendant's lot on Howard Avenue to any particular physical object so that it can be definitely located. It and the lot of the plaintiff are bounded by the property of others. It is true, as claimed by the plaintiff, that adjacent land may be a monument, but this cannot assist in fixing a boundary when the boundary of the adjacent land is itself not fixed. *Patzloff* v. *Kasperovich,* 116 Conn. 440, 442, 165 A. 349. The court found that this was the situation, and it recited in the finding additional facts which justified its conclusion that the line was as claimed by the defendant. Where a deed is ambiguous the intention of the parties is a decisive question of fact. *Gioia* v. *Annunziata,* 102 Conn. 52, 56, 127 A. 921. In ascertaining that intention it was proper for the trial court to consider the surrounding circumstances. *Connecticut Light & Power Co.* v. *Fleetwood,* 124 Conn. 386, 389, 200 A. 334.

The plaintiff claims, however, that the exhibits made a part of the finding contradict it and control. *Klein* v. *Munson,* 111 Conn. 709, 714, 151 A. 177. They consisted of two maps, one filed by each party, and an abstract of title admitted by consent "in lieu of deeds referred to therein." The abstract, referred to above, was relevant but not decisive, since no information contained therein required the trial court to find that the west boundary of the defendant was fixed by deed. The maps were introduced as claims of the parties. That of the plaintiff shows on its face that it was based on representations of a former owner of the plaintiff's lot, and it was a mere expression of opinion by him. *Abbott* v. *Lee,* 86 Conn. 392, 399, 85 A. 526. That of the defendant was labeled "Sketch showing existing conditions . . . 1946" and designated a "Line

claimed to by Louis T. Hawkins, Jr." Each map was no more than the pictorial representation of the testimony of the witness through whom it was offered in evidence; *Banks* v. *Watrous,* 134 Conn. 592, 595, 59 A. 2d 723; or, as Professor Wigmore puts it, "a nonverbal mode of expressing a witness' testimony." 3 Wigmore, Evidence (3d Ed.) p. 175. As such, the maps furnished graphic evidence of the claims of the parties. *Banks* v. *Watrous,* supra, 596. The trial court evidently accepted the claim of the defendant as evidenced by his exhibit, and it was within its rights in so doing.

It only remains to consider whether the conclusions were reached under an erroneous rule of law or, as stated by the plaintiff, whether the court erred in overruling her claims of law. Examination of the latter indicates that all have been disposed of with the exception of a claim that the court improperly considered unspecified offers of compromise in reaching its decision. The court merely found that two or three offers had been made by way of compromise, without giving any of the terms proposed; and this finding was apparently made because of a more detailed description in the draft finding of attempts by the defendant to settle the case. It could not have harmed the plaintiff, and furthermore she cannot complain of claimed error induced by her. Conn. App. Proc. § 21.

There is no error.

In this opinion the other judges concurred except DICKENSON, J., who concurred in the result.