THE WALLINGFORD ROD AND GUN CLUB, INC.
v. ALLAN B. NEARING ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE NO. 79777

Memorandum filed June 3, 1955.

*George R. Erskine,* of Stamford, for the plaintiff.

*Aaron J. Palmer,* of Middletown, for the defendant Rossi.

*Halloran, Sage, Phelon & Hagarty,* of Hartford, for the defendants Nearing.

ALCORN, J. The complaint is in four counts claiming damages for the unlawful cutting of trees on plaintiff's land, and for various claimed injuries resulting from trespass.

The issues center upon a dispute between the plaintiff and the named defendant over the ownership of a roughly rectangular piece of woodland lying between other lands admittedly owned by the contending parties. The defendant Rossi is sued because he concededly did, with the permission of the named defendant, the acts complained of. Since the decisive question is whether Rossi did the alleged acts on the plaintiff's land or on the named defendant's land, the ensuing discussion will treat the

contending owners as plaintiff and defendant although the named defendant and his wife hold the record title to one parcel of property involved. The parties dispute the location of a portion of the plaintiff's west boundary.

The plaintiff bases its action upon possession of the disputed area. Deeds in the plaintiff's chain of title do not describe the boundaries other than by naming the abutting owners. Adjacent land may be a monument but cannot assist in fixing a boundary when the boundary of the adjacent land itself is not fixed. *Staff* v. *Hawkins,* 135 Conn. 316, 319. The plaintiff's possession of the parcel described in its deed which, under proper circumstances, is drawn from title will not avail as to the portion in dispute unless the latter is shown to be a part of the whole. *Pepe* v. *Aceto,* 119 Conn. 282, 286. The defendant has denied all of the plaintiff's allegations and the plaintiff has the burden of proving the correct boundary and his possession of the disputed area. *Ferrie* v. *Sperry,* 85 Conn. 337, 340. The defendant pleaded in addition, as a special defense, title by adverse possession. The plaintiff offered very little evidence to establish its actual possession in the form of acts by it and its predecessors in title. *Roy* v. *Moore,* 85 Conn. 159, 169.

The plaintiff's deed referred to assessors' maps in identifying the property conveyed. These maps, which were made from aerial survey photos, are now in process of revision, are not claimed to be accurate, and a sign in the assessor's office warns against their use in conveyancing. Even if the reference to the maps is considered as evidencing the grantor's intent as to the area of the tract conveyed, the mere paper title thus indicated is valueless to draw possession with it in the absence of proof of possession in the grantor or his predecessors in title. *Mentz* v. *Greenwich,* 118 Conn. 137, 143; see also *Banks* v.

*Watrous,* 134 Conn. 592, 595, as to the significance which attaches to an aerial survey.

It is sufficient if the plaintiff shows constructive possession by proof of his title and the absence of actual exclusive possession by another. *Dawson* v. *Davis,* 125 Conn. 330, 334. This is particularly true where, as in this case, the character and location of the land resulted in its not being extensively used by anyone. *Connecticut Light & Power Co.* v. *Fleetwood,* 124 Conn. 386, 390. In order to prevail, however, the plaintiff must show either an actual exclusive possession, or a title in connection with the fact that no one else had the actual possession. *Banks* v. *Watrous,* 136 Conn. 597, 599; *Burlington* v. *Twining,* 115 Conn. 45, 49; *Bernardo* v. *Hoffman,* 109 Conn. 158, 161; *Avery* v. *Spicer,* 90 Conn. 576, 579, 583.

The plaintiff acquired its title by warranty deed dated September 13, 1949. The deed purported to convey 106 acres more or less. At the time of the purchase, a stone wall with the remnants of a wire fence on top of it stood along the entire end of the disputed area. The defendant claims this wall as the boundary, while the plaintiff claims that its land extends some one thousand feet to the west of this wall. The acts complained of occurred during the winter of 1954 in an area between the two claimed locations of the boundary. Nothing was done by the plaintiff on the area between the date of its purchase of its land and the acts complained of, and no one representing the plaintiff notified the defendant of any claim of ownership of the area until April, 1954. Other wire fences and walls which admittedly are the defendant's boundaries connect at an angle with the wall in issue to form a complete enclosure within which there are no other enclosures. The fence wire appears to have been maintained and improved over the years and gives the appearance of varying from fifteen to fifty years in age.

The defendant purchased his land by warranty deed dated February 18, 1950. Before purchasing, he walked the boundaries with his grantor and was shown the stone wall as his boundary. From the date of purchase until 1954 he has cut wood on the disputed area, has posted it to prevent hunting, and made the contract with Rossi by virtue of which Rossi cut timber there, giving rise to this action. He has lived on the farm since January, 1954.

The defendant's grantor had owned the property since 1945 and during his ownership had treated the wall as the boundary, repaired it and cut wood on the disputed area. During his ownership no one made any claim to the area. He had known the property from boyhood and had cut wood on it as an employee of the former owner in 1935 or 1936.

A very credible witness, now eighty-three years old, has been familiar with the defendant's property for over sixty years and for many years owned a farm abutting on the south until he sold it some eight or ten years ago. He displayed a keen memory of the entire general area, remembers the wall as it now stands as having always marked the boundary of defendant's land, and relates activities carried on in the disputed area by predecessors of the defendant spanning the whole period of his recollection.

Over against the considerable volume of evidence concerning the use and acts of ownership involving the disputed area by the defendant and his predecessors in title there is slight evidence upon the plaintiff's part to support a claim of any corresponding activity in support of its own asserted right of possession. The plaintiff has failed to sustain its burden of proof.

Enter judgment for the defendants.