[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff is a former tenant of the defendant Willie Mewborn and this suit arises out of the events which occurred after the written lease between the parties expired.
The plaintiff claims that she advised the defendant that she would return from a trip necessitated by a family problem and remove her property from the demised premises in early October of 1988. CT Page 8289
The defendant alleges that he observed the plaintiff removing from the premises, assumed she had completed the removal and only entered the premises to clean them end remove trash.
The plaintiff's nine-count complaint seeks to recover damages for a variety of personality which was allegedly put out in the rain by the defendant and thus destroyed.
To complete the pleading picture, the defendant filed a counterclaim for two months rent owed and for expenditures made to clean the apartment and dispose of trash.
 I.
This action was commenced against the defendant Willie C: Mewborn and one Dorothy V. Mewborn. There was no evidence offered that this latter defendant ever signed the lease in question or any subsequent documents. Nor was any evidence offered as to any acts committed by her, nor that she had an interest in the demised premises. Judgment must enter in favor of the defendant, Dorothy V. Mewborn.
 II.
With respect to the nine-count complaint, there are three counts sounding in contract, one in negligence, two allege infliction of emotional distress, one an invasion of privacy, one alleges trespass and finally, and one count alleges a CUTPA violation.
From a careful reading of this complaint, the court concludes it is not brought under the entry and detainer statute, 47a-43. Only in the trespass count is there even a reference to an "entry".
The defendant admits that he did not obtain possession of the premises via summary process, but argues that he felt the plaintiff had moved out and that he decided to enter the premises because of an unpleasant odor he detected. When he observed the messy condition of the apartment and the lack of furniture and furnishings, he concluded the plaintiff had abandoned the premises. He further testified that there was nothing of value in the apartment and that he had only trash, dirty articles of clothing, and a useless couch removed. Two of his employees confirmed this version of events.
The plaintiff tells an entirely different story and claims to have left behind prior to her trip virtually everything she owned. Only a TV set and beds were removed to her new apartment. A CT Page 8290 witness verifies her version.
The only neutral party giving evidence was a New Haven police officer who responded to a complaint made by the plaintiff. He stated that he arrived at the premises at 4:37 P.M. on October 9, 1988 and observed "furniture and some clothes" sitting in back or on the side of the house. It had rained and these items had been rained upon. Though he couldn't remember specific items, he saw some furniture and some clothing. When pressed, he responded that he remembered "clothes and a few pieces of furniture." They were stacked up outside.
This evidence cannot be ignored and since it corroborates the plaintiff's testimony, the court concludes that the defendant wrongfully entered the demised premises, removed personal property belonging to the plaintiff and placed it in an unprotected and insecure location. As a result of his action, the plaintiff; incurred damages. When one commits such a trespass, damages, direct and consequential, may be recovered. Massirio v. Dennehy,12 Conn. Sup. 126, 128 (1943).
 III.
In assessing damages in this case, the court is obliged to evaluate the plaintiff's testimony as to the contents of her apartment and its value. Though vague on many details, the plaintiff did specify certain clothing items and their cost and the cost of her grandson's bicycle. She also stated she had to pay a leasing company $1000 on her leasing contract because she was unable to return furniture items removed from her apartment by the defendant. The plaintiff also gave her best estimate of the value of her own and her grandson's clothing ($600), her towels, sheets ($200-$300), etc. and she recited the cost of two furniture items, $250. "Mere difficulty in the assessment of damages is not a sufficient reason for refusing them where the right to them has been established." Grant v. West Haven Gardens Co., 181 Conn. 379,388 (1980), citing Crowell v. Palmer, 134 Conn. 502, 511
(1948).
For the items of personalty lost, the court finds $2919 to be a fair and equitable damage award, the plaintiff having afforded a basis for the court's estimate. Grant v. West Haven Gardens Co., supra, at 387.
The plaintiff also lost personal items including a family bible and photographs of her deceased son. The court finds an additional award for the loss of items of sentimental value is appropriate and therefore awards the sum of $300 for these losses:
IV. CT Page 8291
The court finds that the actions of the defendant in entering the plaintiff's apartment, removing her property and recovering possession without resorting to summary process, constitute a CUTPA violation. An award of counsel fees is appropriate and counsel will hear the parties on the plaintiff's motion for such an award.
 V.
As to the defendant's counterclaim, the defendant is entitled to recover of the plaintiff the sum of $212 for her portion of the rent which was unpaid for two months.
 VI.
As to the remaining counts of the plaintiff's complaint, the court finds they are either not proven or would be duplications in view of the finding of a trespass.
Conclusion
The plaintiff is awarded damages of $3,219; the defendant is awarded damages of $212: therefore judgment is entered for the plaintiff to recover of the defendant the sum of $3007 plus her taxable costs. The question of counsel fees (Section IV. above) will be addressed via a supplemental judgment.
Anthony V. DeMayo, Judge