[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a motion to dismiss an administrative appeal from the decision of the Willington Planning and Zoning Commission granting a change of zone and approving a site plan concerning certain property located on Ruby Road in Willington. This motion is filed pursuant to Conn. Gen. Stat. Sec. 8-8j and claims as its basis a lack of standing in the plaintiffs to appeal this decision because they have not been aggrieved by the decision.
On November 4, 1991, defendants Ruby Associates General Partnership and Joseph Mihaliak applied to the Willington Planning and Zoning Commission (hereinafter "Commission") for a change of zone from residential (R-80) to industrial (D.I.) pertaining to property on Ruby Road, also known as Route 320. In conjunction therewith they also submitted a preliminary CT Page 4736 site plan for approval. On January 21, 1992, the Commission approved the zone change and a modified version of the preliminary site plan. The Commission's decision was published on January 27, 1992, and on February 8, 1992, the plaintiffs commenced the appeal from that decision under the provisions of Conn. Gen. Stat. Sec. 8-8 (b).
The change in zone will allow, as a proposed use, the property to become a base for a trucking company, as well as other light industrial and commercial type enterprises. The proposed trucking base is anticipated to handle twenty-three hundred truck trips per day.
Plaintiff Craig Brown owns a residence at 8 Center Street in Willington. His residence is six to seven miles south of the subject property. He complains that the proposed use will dramatically increase vehicular traffic on the streets of Willington and will generate air and noise pollution which will affect his property. He acknowledges that the proposed trucking base is not likely to increase traffic on Center Street itself.
Plaintiff Diane Schmidt owns a residence at 24 Eldridge Mills Road in Willington. Her residence is about two miles from the subject property. She asserts complaints similar to Brown's and feels the value of her property may diminish because of the presence of the trucking base in Willington. Plaintiff Wayne Knight is part owner of property on Moose Meadow Road in Willington. This property comprises about one hundred twenty-five acres of woodland, and he asserts his property abuts the subject property.
LAW
Under Conn. Gen. Stat. Sec. 8-8j, once any defendant attacks, by way of a motion to dismiss, a plaintiff's standing to appeal a decision of a planning and zoning commission, the plaintiff has the burden to prove standing. In order to prove standing to appeal the decision of the Commission the plaintiffs must establish they have been aggrieved by that decision. A plaintiff can show either "classical" or "statutory" aggrievement. In this case plaintiffs Brown and Schmidt claim classical aggrievement, and Knight claims both classical and statutory aggrievement.
 I
As to plaintiffs Brown and Schmidt, the fundamental test for determining classical aggrievement encompasses a two-fold determination, Rose v. Freedom of Information Commission, 221 Conn. 217
CT Page 4737 (1992), p. 230; and Mystic Marinelife Aquarium v. Gill, 175 Conn. 483 (1978), p. 493. First, the purportedly aggrieved party must "demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Secondly, the party . . . must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision," Ibid.
The Court concludes that these plaintiffs have failed to satisfy either prong of this test. First, their objections to the decision of the Commission do not arise from the subject matter of the decision. Their fears concern the impact of truck traffic off the premises in question, i.e. on the streets of Willington generally. They do not focus on any increase in traffic and pollution at or near the site. Secondly, these parties' fears are indistinguishable from those of the citizens of Willington generally. They claim no special potential injury different from any other resident of Willington or its surrounding towns. The plaintiffs, living seven and two miles from the subject property, do not reside so close to the site of the zone change so that the impact of the increase in vehicular traffic, noise, and air pollution affects them in greater concentrations and to a greater degree than other members of the general public. Thirdly, these plaintiffs do not object to the zone change for this parcel per se, but rather object generally to the permitting of such a use in Willington. In other words, it is not the particular action by the Commission concerning the subject property that offends them, but any action by the Commission to permit such activity anywhere in Willington.
For these reasons, these plaintiffs have failed to meet their burden of establishing that they have a special and personal interest in the decision and that they were specially affected by the decision.
 II
As to plaintiff Knight, the Court first considers his claim of statutory aggrievement under Section 8-8(a)(1) because the Court finds this issue determinative on standing to appeal. That subsection defines an "aggrieved person" to include "any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board."
This plaintiff introduced a copy of a Class D survey entitled "Zone Change Plan From R-80 Zone to D.I. Zone CT Page 4738 Proposed For Ruby Associates." (Plaintiff's Exhibit B). This survey depicts the subject property and was submitted by the applicants for the zone change to the Commission. The survey indicates that the subject property is located on Ruby Road and abuts property, now or formerly, of William Parizek and Marlin and Edith Knight. This plaintiff also introduced a deed, dated October 20, 1987, in which Edith H. Knight quit claimed to him her interest in certain property in Willington, which property abutted land of Willian B. Ruby. (Plaintiff's Exhibit A). This plaintiff also testified that he is familiar with the property quit claimed to him and that it is the same parcel depicted as abutting the subject property in the survey.
The defendants contend that Knight's testimony is insufficient to identify the property in which he has an ownership interest as the one denoted as an abutter on the survey and that a Class D survey is not accurate enough to establish whose property abuts the subject property. The Court disagrees with both contentions.
An owner is presumed to know the boundaries of his own land, Connecticut Light and Power Co. v. Fleetwood, 124 Conn. 386
(1938), p. 390; and Dawson v. Davis, 125 Conn. 330
(1939), p. 333. The Court finds Knight's testimony in this regard to be credible and to be the product of his knowledge of his own land. Therefore, the Court also finds that the parcel denoted as now or formerly of Parizek and Knight is the same property a partial interest in which was conveyed to this plaintiff by the deed from Edith H. Knight.
As to the second contention, it should be noted that the survey is the same one submitted by defendants Ruby Associates General Partnership and Mihaliak to the Commission and, presumably relied upon by that agency in its decision in their favor. The survey purports to be prepared by a professional land surveying business, Gardner and Peterson Associates, and uses a scale of one inch equals four hundred feet. Using this scale, the Court calculates that the boundary shared by the subject property and the parcel owned by Parizek and the Knights is approximately twenty-three hundred feet long.
If this survey presented a geographic close call as to whether this plaintiff's land was within one hundred feet of the subject property, the defendants' contention might be persuasive. But the Court finds that the magnitude of error necessary to call into question whether the subject property abuts this plaintiff's property for twenty-three hundred feet or not at all is so great as to render the existence of such CT Page 4739 abuts this plaintiff's property, and, therefore, he is sufficiently accurate to establish that the subject property statutorily aggrieved under Section 8-8 (a)(1) and has standing to appeal.
The defendant's motion to dismiss is granted as to Brown and Schmidt and denied as to Knight.
BY THE COURT,
HON. SAMUEL SFERRAZZA SUPERIOR COURT JUDGE