[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The plaintiff, Steve Nicolosi, brings this action, returnable February 23, 1999, in two counts against the defendants, William Arthur Ferry and Jeanette Ferry.
The plaintiff claims ownership of 60 Barnabas Road, Newtown, having acquired the property by warranty deed from Vitramon, Inc., in 1977.
The deed by which Vitramon, Inc. transferred several parcels, including 60 Barnabas Road, to the plaintiff is recorded at Volume 549, Pages 505-09 of the Newtown Land Records. CT Page 5109
It was recorded on February 7, 1997 (Exhibit 1).
The defendants, owners of adjoining property at 58 Barnabas Road, have owned their property jointly since November of 1976 (Exhibit 5).
The defendant, William Arthur Ferry, resided with his family on the property since 1959.
In 1970, he acquired a one-half interest in 58 Barnabas Road from his father (Exhibit 3), and received full ownership by way of a quitclaim deed from his mother, Bertha Ferry, in 1976 (Exhibit 4).
A deed placing title in the names of William Arthur Ferry and Jeanette Ferry followed shortly thereafter.
In count one of this complaint, the plaintiff claims that the defendants wrongfully entered upon a portion of the property known as 60 Barnabas Road, thereby committing a trespass.
As a result of the wrongful entry, he claims that he has been kept out of possession, has been denied the use of the property, and has lost profits which would have been earned.
In count two, the plaintiff claims that abandoned motor vehicles and personal property have been left on the parcel by the defendants.
He further alleges that as a result of the placement of the items on the property, chemicals have leaked onto the ground causing environmental contamination.
In addition to his trespass claims, the plaintiff, in his prayer for relief. requests judgment of possession.
He also argues for punitive damages and attorney's fees.
The portion of the property on which the unauthorized entry is alleged to have occurred is a "Triangular Piece" consisting of approximately one-quarter acre.
The "Triangular Piece" abuts a portion of 58 Barnabas Road and is located approximately 150 to 240 feet from the road.
The parcel is bounded by a creek or small stream on the southwest, by a stone wall to the north, and by property owned by the defendants to the northeast. CT Page 5110
Prior to initiating this action, the plaintiff sent a letter to counsel for the defendants on December 21, 1998 (Exhibit 6) asking the defendants to remove "abandoned cars and other personal property" from the "Triangular Piece."
On January 13, 1999, the defendants, through their attorney, responded to the demand.
For the first time, they asserted ownership of the area where the items of personal property had been placed.
In their answer to the plaintiff's complaint, dated November 16, 1999, the defendants asserted by way of counterclaim and special defense that they have acquired title to the "Triangular Piece" through adverse possession.
They further claim to have acquired an easement for purposes of storing machinery, equipment and personal property on the parcel as well as an easement guaranteeing access to the brook.
 TITLE TO THE TRIANGULAR PIECE
The plaintiff, Steve Nicolosi, has demonstrated that he has record title to the disputed parcel.
A title search performed by Peter Ruvolo, compiled based on a search of the land records, revealed without contradiction that the plaintiff enjoys record title ownership of the property.
The plaintiff purchased 60 Barnabas Road, along with its adjoining properties, in 1997, in hopes of developing the area for commercial purposes.
He sought a change in the zoning classification affecting the property in order to allow for commercial development.
The defendants opposed the change of zone.
In 1998, a survey of the area was conducted in anticipation of development.
The 60 Barnabas Road property, including the "Triangular Piece," was surveyed and staked as a prelude to development.
A survey of 60 Barnabas Road performed in 1996 noted no encroachments or structures in the disputed "Triangular Piece." CT Page 5111
The defendants, having failed to contest the plaintiff's record title to the property, can only prevail if they are successful in demonstrating that they have acquired an easement by prescription over the parcel or have acquired title to the disputed property through adverse use and possession.
 THE DEFENDANTS HAVE FAILED TO PROVE ACQUISITION OF EITHER TITLE TO THE PROPERTY, OR AN EASEMENT, THROUGH ADVERSE POSSESSION
In order to acquire a use by prescription, the party claiming the right must prove a use which is open, visible, continuous and uninterrupted for a period of fifteen years and made under a claim of right. Smith BrookFarms, Inc. v. Wall, 52 Conn. App. 34, 36 (1999).
Connecticut General Statutes § 47-37 provides: "No person may acquire a right-of-way or any other easement from, in, upon or over the land of another, by the adverse use or enjoyment thereof, unless the use has been continued uninterrupted for [a period of] fifteen years."
A prescriptive easement requires an open, visible, continuous and uninterrupted use for fifteen years made under a claim of right. Proof is by a preponderance of the evidence. Giolelli v. Mallard Cove CondominiumAssn., Inc., 37 Conn. App. 822, 829 (1995); McCullough v. Waterfront ParkAssn., Inc., 32 Conn. App. 746, 753 (1993).
A prescriptive right in the land of another cannot be acquired unless the use defines its boundaries with reasonable certainty. Reynolds v.Soffer, 190 Conn. 184, 190 (1983).
One claiming to have acquired title to land by operation of adverse Possession must prove that the owner has been ousted of possession and kept out uninterrupted for fifteen years. The possession must be open, visible, exclusive, must be under a claim or right, and must be without the license or consent of the owner. Roche v. Fairfield, 186 Conn. 490,498 (1982).
Such possession cannot be made out by inference, but must be demonstrated by clear and positive proof. Robinson v. Myers, 156 Conn. 510, 517 (1968);Whitney v. Turmel, 180 Conn. 147, 148 (1980).
The use of the property must be exclusive, not merely shared with other users. Short Beach Cottage Owners Improvement Assn. v. Stratford,154 Conn. 194, 199 (1966). CT Page 5112
Although the defendant, William Arthur Ferry, resided at 58 Barnabas Road since 1959, he did not acquire ownership of the property until 1970.
While able to testify concerning the use of the "Triangular Piece" by his father, he was unable to say whether the use was with the permission or consent of the owners of 60 Barnabas Road.
The defendants never paid taxes to the town of Newtown on the "Triangular Piece" and never erected any permanent Fixtures, structures or fences at the location.
There was testimony concerning the parking of vehicles on the parcel, but no evidence of any path, driveway or area surfaced with crushed stones or pavement reserved for the permanent parking of motor vehicles.
The "Triangular Piece" did not provide access to any public street and was, during a portion of the year, obscured from view from the road, according to some testimony.
The parcel became visible only after the house situated on the 60 Barnabas Road property was demolished in 1991.
The brook forming one of the boundaries of the "Triangular Piece" was not accessible only from 60 Barnabas Road, and access to the "Triangular Piece" was not essential to insure access to the brook.
The parking of farming equipment on the "Triangular Piece" was intermittent and not of a nature designed to attract undue notice or attention.
William Arthur Ferry used the equipment at other locations, and the "Triangular Piece" was never farmed or cultivated.
No permanent or temporary structures were ever placed on the property to shield the equipment from the elements.
Mae Lake, a tenant at 60 Barnabas Road, testified that she assumed the "Triangular Piece" was owned by the defendants, although agents for the landlord, Vitramon, Inc., stated that the disputed parcel was part of the property leased to Mae Lake.
The defendants never placed any "No Trespassing" signs on the disputed! parcel, and the use of the parcel was limited to occasionally mowing the land, and the intermittent storage of equipment used by William Arthur Ferry in his part-time farming avocation "from time to time." CT Page 5113
A visible inspection of the parcel in photographs revealed equipment which might charitably be described as "junk" (Exhibits J — O).
The presence of this debris on the "Triangular Piece" is insufficient to establish any use or ownership interest of the parcel by the defendants.
While the presence of vehicles and/or equipment might have been constantly observable in aerial photographs with the assistance of a magnifying glass, the parking was neither open, visible nor continuous, sufficient to form the basis for a claim of adverse possession.
Furthermore, the parcel was not exclusively used by the defendants.
Members of Mae Lake's family would play in the "Triangular Piece," and Vitramon, Inc. allowed its property, including the disputed parcel, to be used by hunters until the practice was stopped following neighborhood complaints.
During the protracted zoning battle, when the plaintiff, Steve Nicolosi, sought a change of zone affecting all of 60 Barnabas Road, the defendants objected to the zone change but did not assert ownership to the property.
Nor was it ever suggested during the public hearing process by the defendants that a portion of their land was subject to the change of zone application.
The evidence is not sufficient to establish either an easement to use the property or title to the "Triangular Piece" in the defendants, William Arthur Ferry and Jeanette Ferry.
 PLAINTIFF'S TRESPASS CLAIMS
Trespass to property occurs when there is a wrongful entry onto the land of another by one who has neither the license nor privilege to enter.
Trespass has been described as a direct injury to or invasion of property by force. Lake Garda Improvement Assn. v. Battistoni,160 Conn. 503, 516 (1971).
Because the defendants' claims for a prescriptive easement and title by adverse possession are not supported by the evidence, the plaintiff has proven the elements necessary to support a cause of action for trespass.
However, he has failed to sustain his burden of proving that the CT Page 5114 defendants engaged in behavior which was wilful, wanton or malicious, or that any environmental damage was occasioned by the trespass.
He has failed to sustain his burden of showing that the alleged loss of use of the property has caused him to suffer damages or that the parcel has been devalued as a result of the defendants' claims.
No appraiser testified concerning the value of the "Triangular Piece" or the effect which its loss would have on the remaining property owned by the plaintiff.
The plaintiff's claims concerning what he could have earned but for the entry onto the "Triangular Piece" by the defendants are speculative, theoretical, and not proven by a preponderance of the evidence.
The plaintiff has failed to prove that he sustained any actual damages flowing from the trespass by the defendants.
However, unprovoked, unlicensed entry to property may entitle the owner to nominal damages. Orentlicherman v. Matarese, 99 Conn. 122, 125
(1923); Massirio v. Dennehy, 12 Conn. Sup. 126, 128 (1943).
The plaintiff is, therefore, entitled to recover nominal damages.
 FINDINGS
IT IS FOUND that the plaintiff, Steve Nicolosi, is the owner of the property known as 60 Barnabas Road, Newtown, including the "Triangular Piece" which is the subject of dispute.
IT IS FOUND that the defendants, William Arthur Ferry and Jeanette Ferry, are the owners of 58 Barnabas Road, Newtown and have been joint owners of the property since 1976.
IT IS FOUND that the "Triangular Piece" was used for the storage of machinery and motor vehicles on an intermittent and sporadic basis for many years prior to 1999.
IT IS FOUND that the defendants first asserted ownership to the "Triangular Piece" in 1999, following a demand by the plaintiff that property be removed from the parcel.
IT IS FOUND that the use of the "Triangular Piece" by the defendants was not continuous for a period of fifteen years, but was sporadic.
IT IS FOUND based upon the location of the "Triangular Piece" and the CT Page 5115 nature of its use, that the use was not open and visible for a period of fifteen years.
IT IS FOUND that the defendants never paid taxes on the "Triangular Piece," never erected any permanent structures on the parcel, or did any acts other than mowing and clearing which would be consistent with ownership and would provide notice of that ownership.
IT IS FOUND that no permanent fixtures or structures were ever erected or maintained on the "Triangular Piece" by the defendants.
IT IS FOUND that the defendants have failed to prove that the use of the property by the defendant's father was not with the permission or consent or the owner.
IT IS FOUND that the defendants have failed to establish by a preponderance of the evidence a prescriptive right to use the portion of 60 Barnabas Road known as the "Triangular Piece."
IT IS FOUND that the defendants have failed to establish by clear and positive proof that they have acquired title to the "Triangular Piece" through adverse possession.
IT IS FOUND that a trespass to the "Triangular Piece" owned by the plaintiff, Steve Nicolosi, has occurred.
IT IS FOUND that the plaintiff has failed to prove that he sustained any actual damages as a result of the trespass to his property by the defendants.
IT IS FOUND that the plaintiff has not proven that the defendants engaged in any wilful or malicious conduct and that he has suffered any damages as a result.
IT IS FOUND that the plaintiff should not recover attorney's fees or punitive damages based upon the evidence presented.
 CONCLUSION
Judgment may enter in favor of the plaintiff, Steve Nicolosi, as against the defendants, William Arthur Ferry and Jeanette Ferry, as to count one.
Judgment may enter in favor of the defendants as to count two.
Judgment may enter in favor of the plaintiff on the counterclaim. CT Page 5116
The plaintiff shall recover nominal damages of one dollar ($1).
The plaintiff is awarded no actual damages.
Radcliffe, J.