EMELINE McNAMARA *vs*. THE TOWN OF WATERTOWN
ET AL.

First Judicial District, Hartford, March Term, 1924.

WHEELER, C. J., BEACH, CURTIS, KEELER and BANKS, Js.

If a plaintiff in an action in the nature of trespass *qu. cl. fr.* alleges both title and possession of the locus, and the defendant meets these averments by a general denial, as in the present case, the question of title as well as that of possession is thereby put in issue.

Title is an essential allegation in such an action, if the complaint seeks not only damages but also an injunction to restrain threats of continuing acts of trespass, to quiet the possession and remove the jeopardy to the value of the inheritance.

The case of *Orentlicherman* v. *Matarese*, 99 Conn. 122, explained and distinguished.

Argued March 4th—decided March 31st, 1924.

ACTION in the nature of trespass for injuries to land alleged to be owned and possessed by the plaintiff, and claiming an injunction and damages, brought to and tried by the Superior Court in Litchfield County, *Kellogg, J.;* facts found and judgment rendered for the plaintiff for $10 damages and also for an injunction, from which the defendants appealed. *No error.*

*Walter E. Monagan*, for the appellants (defendants).

*Ulysses G. Church*, for the appellee (plaintiff).

WHEELER, C. J. The complaint contains three counts; as to the second and third the court found in favor of the defendants. The first count sets up the ownership and possession of a parcel of land, a trespass thereon by the defendants, and a threat by them to continue to enter upon this land and make it a part of the public highway. To this count the defendants

pleaded a general denial, except as to paragraph one, which alleged ownership and possession of this land in the plaintiff, and as to this paragraph it pleaded insufficient knowledge and information to form a belief.

The court found in favor of the plaintiff upon this count, and its finding on appeal recites the following facts: The plaintiff is the owner and in possession of a certain parcel of land at the intersection of Watertown Road and Davis Street in Watertown, the northerly boundary and the easterly boundary of which is south and west of a stone monument set at the intersection of the streets. This parcel lies between the curved lines shown on the northeasterly corner of this land on a map in the town clerk's office of Watertown, entitled "Map of the Davis Homestead located in the village of Oakville, Watertown, Conn.;" and the southerly line of the Watertown Road and the westerly line of Davis Street, meeting at the monument. The defendant town has through its agents threatened on several occasions to take possession of this parcel of land, and prior to this action the first selectman of defendant town entered upon this land between the monument and the curved line, caused its surveyor to survey the same and place its stakes along the curved line, and notified the plaintiff that such curved line was the highway line and that the defendant would claim and occupy the same. If the defendant had carried out its threats it would have interfered with the access to the plaintiff's building and property located upon this land.

The three assignments of error in this appeal are based upon one ground, to wit: that the title to the land which the plaintiff has alleged and the court found to be owned by the plaintiff was not in issue, since the defendants have not pleaded title in themselves. The defendants rely upon the case of *Orentlicherman* v. *Matarese*, 99 Conn. 122, 121 Atl. 275.

Their reliance arises from a misconception of this case. It was one of forcible entry. The court said: "The complaint alleges that this land was then in possession of the plaintiff, sets forth entry and acts of trespass by force by the defendant, and claims damages and an injunction to prevent further threatened trespasses of the same kind. The answer to these allegations amounts to a general denial." And we held that in an action under our forcible entry statute, § 6028, or one of trespass for forcible entry at common law, the plaintiff's cause of action was based upon his possession, and that defendant's denial of this did not put the title in issue and it could not be put in issue by the defendant unless by plea "in such a manner as to settle it conclusively." Hence upon the general denial we held the defendant had not put title in issue.

*Waterbury Clock Co.* v. *Irion,* 71 Conn. 254, 41 Atl. 827, was an action of trespass *quare clausum fregit,* in which the plaintiff alleged actual possession of the *locus* and the defendant pleaded a general denial. We held that the defendant not having pleaded title could not, under a general denial, prove title in himself as a defense. We further said: "The burden of proving possession having by the general denial been thus imposed upon the plaintiff, two ways were open by either of which that fact might be established. The plaintiff might, by proof of acts of occupation, show an actual, exclusive possession of the *locus in quo* in itself at the time of the trespass, or show a constructive possession, by proving title in itself and the absence of actual exclusive possession by another." These cases give us the basis of plaintiff's action—possession—and the two ways of its proof, and hold that a mere denial of the allegation of possession by the defendant without further pleading setting up the issue of title, will not enable the defendant to prove title in himself. See,

also, *Radican* v. *Hughes,* 86 Conn. 536, 545, 86 Atl. 220.
They do not hold, or attempt to hold, that in a case
where the plaintiff has set up title as well as possession,
and the defendant has to these allegations pleaded a
general denial, the issue of title is not raised. That is
the situation in the instant case. In *Ferriday* v. *Gros-
venor,* 86 Conn. 698, 702, 86 Atl. 569, in an action of
trespass, we say: "The plaintiff alleged ownership and
possession of the *locus* at the time of the alleged tres-
passes, and in support of her allegations laid in evidence
her deed of September 14th, 1888, already referred to,
and other deeds showing title in her to the Hall farm
by a complete chain of mesne conveyances back to the
same Edgar M. Smith through whom the defendant
claims to trace his title, and who, it was agreed by the
defendant's counsel, had title in 1849 to the entire
tract comprising the Hall farm and the Jepson land.
She supplemented this evidence of title by evidence
tending to show continuous possession by her as owner
ever since her purchase of the premises described in her
deed up to the old fence indicated on the Sabin map.
She thus made out a prima facie case of both ownership
and possession."

Our authorities thus hold that a plaintiff may main-
tain his action of trespass upon an allegation of posses-
sion, or one of title from which possession is implied,
but that the allegation of title in case possession is
alleged is unnecessary. If both title and possession are
alleged and defendant meets these allegations by a gen-
eral denial, both the possession and title are put in issue.

In this case the prayer for relief is for damages for
the trespass and an injunction for the continuing tres-
pass. An owner in possession would have the right to
set up, as this plaintiff has, his title and possession, for
the continuing injury against which he prays an in-
junction is not only to his possessory right, but to his

inheritance as well. Title is an essential allegation in an action praying for an injunction to restrain threats of continuing acts of trespass thus quieting the possession and removing the jeopardy to the value of the inheritance. Estees on Pleading, Vol. 2, § 2821; *McMillan v. Ferrell*, 7 W. Va. 223. The facts found bring this case within our rule: "An injunction will not be granted to prevent a threatened trespass, unless it appears that irreparable injury will be done, or that it is a case of quieting possession, or one where the value of the inheritance is put in jeopardy." *Beckerle* v. *Danbury*, 80 Conn. 124, 128, 67 Atl. 371; *Stein* v. *Coleman*, 73 Conn. 524, 48 Atl. 206.

There is no error.

In this opinion the other judges concurred.