SIGMUND WEINBERG *v.* JENNIE ROBERTS ET AL.

February Term, 1925.

Present:    WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed November 7, 1925.

*Adverse Possession—Error to Submit Question to Jury Where Requisite Period To Establish Title Had Not Elapsed—Extent of Occupancy and Location of Land—Disposition of Case on Reversal—Competency of Admissions of Former Owners—Boundaries—Harmless Error.*

1.   In action of ejectment, occupation of defendants and their grantors of land in question, which was adverse in character, *held* less than requisite period required to establish title, making submission to jury of question of adverse possession prejudicial error.

2.   In such action, where defendants contended that there was no evidence of location of land as described in deeds under which plaintiff claimed, such deeds being in evidence and plaintiff having identified different objects referred to therein and testified as to his occupancy of the land, the extent of occupancy and location of land, as described in deeds, *held* for jury.

3.   In such action, where reversible error in submitting question of adverse possession appeared, defendants' opposition to reversal for such error on ground that evidence as to location of land described in plaintiff's deed was insufficient to support a verdict, *held* unavailing to prevent reversal, where it appeared probable that plaintiff would be able to make a better showing in that respect at another trial.

4.   Whenever admissions of one having or claiming title to real estate would be competent against him, they are competent against persons subsequently deriving title through or by him.

5.   In action of ejectment, marks and corners pointed out on the land by former owner, while owner of land, *held* properly receivable to show true location as understood by parties at the time, such evidence being primary and not hearsay.

6.   In action of ejectment, where defendants claimed title by adverse possession, admissions of certain map on question of color

of title, if error, was harmless, where deed of which it was made a part was not made until too late to avail defendants in their claim.

ACTION OF EJECTMENT. Plea, general denial, and special plea of title by adverse possession. Trial by jury at the September Term, 1923, Rutland County, *Moulton,* J., presiding. Verdict and judgment for the defendants. The plaintiff excepted. The opinion states the case. *Reversed and remanded.*

*Lawrence, Stafford & Bloomer* for the plaintiff.

Successive entries and assertions of title by plaintiff as owner interrupted running of statutory period necessary to secure title by adverse possession. *Earl* v. *Griffith,* 52 Vt. 415; *Hale* v. *Rich,* 48 Vt. 217.

Defendants did not allege nor prove continuous, uninterrupted occupation of disputed area, and an issue unsupported by allegations or proof should not be submitted to jury. *Sherwin* v. *Rutland R. R. Co.,* 74 Vt. 1; *Worthington* v. *Central Vt. Ry. Co.,* 64 Vt. 107; *Fullam* v. *Cummings,* 16 Vt. 697.

Statements of former owner relative to location of corner of land in question was admissible. *Waterman* v. *Moody & Rogers,* 92 Vt. 218; *Beach* v. *Fay,* 46 Vt. 337; *Hale* v. *Rich,* 48 Vt. 217.

*Fenton, Wing & Morse* and *Joseph B. McCormick* (Granville, N. Y.) for the defendants.

Where grantors entered into possession of property covered by deed following the deed, regardless of actual possession of premises, their constructive possession extended over entire territory covered by description. *Crowell* v. *Beebe,* 10 Vt. 33; *Spaulding* v. *Warren,* 25 Vt. 316; *Swift* v. *Gage,* 26 Vt. 224; *Webb* v. *Richardson,* 42 Vt. 465; *Aldrich* v. *Griffith,* 66 Vt. 390; *Hassam* v. *Safford Lumber Co.,* 82 Vt. 444; *Blondin* v. *Brooks,* 83 Vt. 472, 477.

BUTLER, J. The action is ejectment. The writ is dated September 1, 1922. The plaintiff seeks to recover the seizin and possession of a piece of land now occupied by defendants, situate on the west side of Lake St. Catherine, in the town of Wells, and

claimed by defendants as a part of a cottage lot purchased by them of William and Margaret Owens, February 9, 1921. The plaintiff conveyed the cottage lot December 10, 1906, to Paulina Freydberg, and on January 28, 1915, Paulina and Moses Freydberg, her husband, conveyed the same premises to William and Margaret Owens, under whom the defendants hold the record title to the land described in plaintiff's deed to Freydberg. The principal question appears to have been whether the description in the Freydberg deed covered the land in dispute. This depends upon the location of the westerly boundary line of the cottage lot. The northwest corner of the Freydberg lot is described in her deed as the southwest corner of the Simonds & Munson land and is made by reference to coincide with the northwest corner of the land formerly owned by Frank Beecher, and plaintiff claimed that when he deeded to Freydberg there was a barbed wire fence on this line, and that he owned the land westerly of that fence by deeds from Mitchell and one Parker, and had not conveyed it away.

The defendants contended that the plaintiff had wholly failed to establish any title to the land in dispute, but that if the plaintiff had the record title, the defendants had acquired title to the disputed tract by adverse possession. Both issues were submitted to the jury. Verdict and judgment were entered for the defendants. The plaintiff excepted.

[1] The error claimed is that the evidence was not sufficient to take the question of adverse possession to the jury, for the sole reason that the possession of the defendants and their grantors, which was in character adverse, had not continued for a sufficient length of time to ripen into title. Manifestly, adverse occupancy, to ripen into title, must have commenced as early as September 1, 1907. Mrs. Freydberg went into possession under her deed in the spring of 1907, and built a cottage near the lake, but not on the land now in dispute. She, also, sometime that summer, built an icehouse on the disputed land, but the plaintiff tore it down, and it was never rebuilt on the disputed tract, and nothing further was done thereon by either party, unless the plaintiff built a barbed wire fence on what he now claims to be the line, until November, 1907.

At sometime subsequent to November 1, 1907, the Freydbergs had a survey made by one Hay, a surveyor, and during its progress, both Moses Freydberg and the plaintiff were present.

Immediately following this survey, the Freydbergs built the Page wire fence about 98 feet west of the barbed wire fence on what they claim to be the west line, and also on the north and south lines of the lot, where the defendants now claim the true lines to be. Since the Page wire fence was built, the defendants have occupied the disputed land in a manner that would, if continued for the requisite time, ripen into title by adverse possession. As late as July 27, 1908, Mrs. Freydberg notified the plaintiff in writing to "remove the fence which you have made across my property." The fence referred to, the evidence tends to show, was the barbed wire fence erected by plaintiff.

A careful examination of the record fails to show any evidence of actual occupancy of the disputed parcel, other than the building of the icehouse by the defendants' grantor, prior to the building of the Page wire fence in November, 1907, and none has been pointed out. Until then, possession was coextensive with the call of the deed to Freydberg, only. If the description in that deed covered the land in controversy, then defendants had the legal title apart from any question of adverse occupancy.

As the occupancy shown by the evidence, viewed in the light most favorable to the defendants, was less than the requisite period to establish title, there was no question of adverse possession for the jury.

The building of the icehouse did not amount to an ouster. Unless within the call of the Freydberg deed, it was but a mere trespass, for it was without color of title. *Lathrop* v. *Levarn,* 83 Vt. 1, 74 Atl. 331. Nor was Freydberg then claiming title, other than such as was based on her deed. That the submission of the question of adverse possession to the jury, in view of the character of the occupancy and the circumstances, was prejudicial to the rights of the plaintiff, is obvious. This requires a reversal.

But it appears that the defendants, at the close of the evidence, moved for a directed verdict in their favor, on the ground that the plaintiff had failed to identify and locate his land within the description of any deed. The motion was overruled and exceptions noted by defendants. But this exception is not before us. The defendants, however, insist that as, on the record, the case shows that the motion should have been granted, the submission of the question of adverse possession to the jury,

was, if error, harmless. The plaintiff claims title under the deeds to him from Mitchell and Parker which excepted from the description of the land conveyed, the Simonds & Munson land adjoining it on the north, and the tract subsequently conveyed by Beecher to the plaintiff. It is the northerly half of the Beecher tract that the plaintiff conveyed to Freydberg. Thus the right of the plaintiff to recover the land westerly of the Freydberg parcel must depend upon the location of the land covered by his deeds from Mitchell and Parker of the so-called Mitchell farm.

[2]    The defendants insist that there was no evidence of the location of this land and plaintiff's right to recover must rest upon the strength of his own title and not on the weakness of the defendants'. The deeds from Mitchell and Parker were in evidence and the plaintiff identified different objects which were referred to in the description in his deeds, and testified to the occupancy by plaintiff of the land west of the Freydberg parcel, for pasturage and other purposes. The extent of the occupancy and the location of the land, as described in the deeds, were in the circumstances, for the jury.

[3]    But, if, as defendants claim, the evidence in that respect was insufficient to support a verdict, it could, in the circumstances, avail the defendants nothing, for it is probable that, if there was any shortage in that respect, plaintiff would be able to make a better showing at another trial (See *Peters* v. *Poro's Estate*, 96 Vt. 95, 117 Atl. 244, 25 A. L. R. 615), and this is what distinguishes this case from *Goupiel* v. *Grand Trunk Ry. Co.*, 96 Vt. 191, 118 Atl. 586, 30 A. L. R. 690.

The offer to show that Frank Beecher, while owner of the land, pointed out on the land certain marks and corners claimed by him as showing the location of his northwest corner and the southwest corner of Simonds & Munson land, was excluded and plaintiff allowed an exception. The southwest corner of the Simonds & Munson land is the monument in plaintiff's deed to Freydberg to which the defendants claim title, and in the Simonds & Munson deed this corner is made to coincide with the northwest corner of the Beecher lot. The location of the west line of the Beecher lot, when owned by him, was in controversy, and, as contended for by the plaintiff, was against his interest.

[4, 5]    The marks and corners of the Beecher and the

Simonds & Munson lots as understood by the parties prior to the Freydberg deed were material, and the claim of the abutting owners as to the corners was primary evidence, and so is distinguished from the hearsay rule as contended for by defendants. Whenever the admissions of one having or claiming title to real estate would be competent against him, they are competent against persons subsequently deriving title through or by him. *Waterman* v. *Moody & Rogers*, 92 Vt. 218, 103 Atl. 325; *Chadwick* v. *Fonner*, 69 N. Y. 404, 134 A. S. R. 613. And where, as here, the title is to be determined by the location of the corner of the Beecher land as a prior holder of that land, the marks and corners, as pointed out by him while owner on the land, might properly be received as tending to show the true location as understood by the parties at the time. *Miller* v. *Wood*, 44 Vt. 378; *Child* v. *Kingsbury*, 46 Vt. 47, 54. But we cannot say, from the record, that the offer was sufficiently definite to avail the plaintiff.

[6] The error, if any, in the admissions of the Randall Map on the question of color of title, was harmless, for the deed of which it was made a part was not made until January 27, 1915, too late to avail the defendants.

A petition for new trial on the ground of newly discovered evidence was filed in this Court, and was briefed and heard with the exceptions, but as the judgment is to be reversed and a new trial granted, no further notice need be taken of this petition except to enter it dismissed without costs.

*Judgment reversed and cause remanded.*