CHARLES L. DAWSON *v.* EMORY R. DAVIS.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued March 7—decided April 5, 1939.

*Charles V. James,* with whom, on the brief, was *Arthur M. Brown,* for the appellant (defendant).

*Edward L. Dennis*, for the appellee (plaintiff).

JENNINGS, J.  This statutory action (General Statutes, § 5992) was brought in two counts.  In the first the plaintiff alleged that the defendant had cut trees on his land without license.  In the second the plaintiff alleged that the defendant had cut trees on land belonging to his wife without license and that she had assigned her claim to him.  The answer was, in effect, a general denial.  After judgment for the plaintiff the defendant appealed on the basic ground that the evidence by which the plaintiff established his title and possession was improperly admitted and that the finding as corrected proved neither actual nor constructive possession in the plaintiff and his wife.

The plaintiff had spent the summer months of his boyhood on his mother's farm in Canterbury, which is adjacent to the two parcels in question.  In 1895 he acquired the farm described in the first count of the complaint and in 1897 his wife acquired her piece.  There is nothing in the deeds themselves from which the boundaries can be ascertained.  The south boundary of the first piece is on a highway but all the other boundaries of both pieces are on adjoining proprietors.  The plaintiff occupied this farm with his family from 1894 to 1899.  During his occupancy he fenced the lot purchased by his wife and pastured his cattle therein.  He had trimmed and cut wood on the property now in dispute, knew of the existence of the stone and wire fences marking the boundaries, had repaired some of them and was familiar with the boundaries of his land.  While some of these monuments have fallen away, sufficient of them remain, unchanged, to indicate their existence and position.

In 1899 the plaintiff moved to Jersey City with his family and rented the farm for three years.  There-

after for about twenty years the premises were unoccupied except that the plaintiff's family spent the summers there. During the last sixteen years he has visited the premises only once a year, spending two or three days working around the place. For the past eight or ten years a neighbor has acted as caretaker. In the winter of 1935-6, the defendant cut a large number of trees on the two parcels of land owned and in the possession of the plaintiff and his wife without securing a license from either. He had purchased the right to cut trees from Herbert Dawson, a nephew of the plaintiff, who owned adjoining property. Herbert Dawson pointed out to the defendant the land on which he was to cut. The land so indicated was no part of the property owned by the plaintiff and his wife. Herbert Dawson was not produced as a witness although he was, as far as appeared, available.

By stipulation it was agreed "that references in the testimony of the plaintiff to his lot, his land, his boundaries or the like may be taken to include within their meaning the premises described in the second count," that is, those of the wife.

The defendant sought in effect to strike out practically all of this finding and to substitute his draft-finding. The determination of the question thus arising depends on the correctness of the rulings on evidence since, if the evidence objected to is in the case, the finding has ample support.

A sketch of the property in dispute was offered by the plaintiff and admitted over the objection of the defendant that it was a self-serving declaration. An examination of the sketch discloses that it was apparently not drawn by an engineer but at least showed the relative position of the land claimed by the plaintiff and his wife to that of the surrounding proprietors. Under the limitation placed on it by the ruling it was

clearly admissible. The court said: "It is not admitted for the purpose of showing the boundaries of any particular area of land shown on the map—the sketch—but just as a photograph might be admitted for the purpose to enable the court to visualize the general situation there." *Petroman* v. *Anderson,* 105 Conn. 366, 370, 135 Atl. 391.

In addition to the introduction of the sketch, the plaintiff was allowed to testify, over the defendant's objection, at length and in various ways, about the character and location of the various boundaries of the land claimed by him and his wife, about the acts of ownership performed by him on the property, to the fact that he knew the boundaries of both his and his wife's land, and that the cutting was done within those boundaries. These statements were objected to as self-serving declarations. The cases cited by the defendant on this point relate to declarations of deceased persons with reference to boundaries under the familiar rule of *Turgeon* v. *Woodward,* 83 Conn. 537, 541, 78 Atl. 577. A declaration is a statement made out of court. 22 C. J. 218. These were statements made in court by a witness subject to cross-examination. An owner is presumed to know the boundaries of his own land; *Connecticut Light & Power Co.* v. *Fleetwood,* 124 Conn. 386, 390, 200 Atl. 334; he is a competent witness to the location of its bounds and its occupancy when within his personal knowledge; *Weinberg* v. *Roberts,* 99 Vt. 249, 253, 131 Atl. 14; and his interest would only affect the weight to be given his testimony. General Statutes, § 5582.

In this case there is no record evidence or any other kind of evidence reflected in either the finding or draft-finding which indicates that the title or possession was in any other person than the plaintiff and his wife. The whole case of the defendant was an attack on

that of the plaintiff and was ineffectual. Possession of the tracts in question under deeds more than thirty years old was sufficient evidence of the title of the plaintiff and his wife to the lands. *Mentz* v. *Greenwich,* 118 Conn. 137, 143, 144, 171 Atl. 10. It was sufficient for the plaintiff to show constructive possession by proof of his title and the absence of actual, exclusive possession by another. *Radican* v. *Hughes,* 86 Conn. 536, 545, 86 Atl. 220. As is stated in the brief of the defendant, the case turned on this point.

The failure of the defendant, without explanation, to produce Herbert Dawson as a witness was an important factor in the mind of the court. "The failure of a party to produce a witness who is within his power to produce and who would naturally have been produced by him, permits the inference that the evidence of the witness would be unfavorable to the party's cause." *Ezzo* v. *Geremiah,* 107 Conn. 670, 677, 142 Atl. 461. Under the circumstances of this case, the trial court might well consider that if the evidence of Herbert Dawson would be favorable to the defendant "he would naturally have been produced by him." No other assignments of error are pursued in the brief.

There is no error.

In this opinion the other judges concurred.