## CLIFFORD S. BANKS *v.* EDGAR G. WATROUS

BROWN, JENNINGS, BALDWIN, INGLIS AND O'SULLIVAN, JS.

Argued March 7—decided April 25, 1950.

*George C. Conway* and *George G. Whitehead,* for the appellant (defendant).

*Johnson Stoddard,* with whom were *Alvin C. Breul, Jr.,* and, on the brief, *George N. Foster,* for the appellee (plaintiff).

BROWN, C. J.  The plaintiff brought this action under what is now § 8301 of the General Statutes to recover damages for the cutting of trees on his property, alleged to have been done by the defendant. The jury rendered a verdict for the plaintiff and the defendant has appealed from the denial of his motion to set it aside and from the judgment.

The defendant was rightfully engaged in lumbering operations on land called the Hanson tract, which adjoined that of the plaintiff. The plaintiff claimed to have proved that employees of the defendant cut twenty trees on his property, twelve of which had a diameter of one foot or more. The defendant contended, among other things, that the trees in question did not stand on the plaintiff's land and that if his employees did cut trees thereon their acts in so doing were not authorized by him.

The first issue as stated in the defendant's brief is "whether or not the plaintiff can prove ownership and possession of a tract of land without actually proving his boundaries. . . ." The defendant does not question that the plaintiff owns a five-acre tract of woodland, described in a certified copy of his deed in evidence. The defendant argues, however, that since the description of the land in the complaint refers to it as "containing five and three-quarters (5¾) acres more or less" and he offered evidence to prove that the twenty fallen trees covered an area of not more than three-quarters of an acre, it was essential that the boundaries of the plaintiff "should have been proven" by him. After the deed had been laid in evidence, the

plaintiff testified on direct examination that he was the owner of the property, that he was familiar with its boundaries, that the trees cut down were on his property and that this was the property described in the deed. This testimony came in without objection and was unchallenged upon cross-examination. That the plaintiff is an interested party is a factor going only to the weight to be accorded his testimony, not to its admissibility, for what he stated was competent testimony to prove that he knew the boundaries of his land and that the cutting was done within them. *Dawson* v. *Davis,* 125 Conn. 330, 333, 5 A. 2d 703.

Section 8301, as applicable to this case, provides that any person who, without license of the owner, shall cut or destroy any trees on the land of another, or who shall aid therein, shall pay the party injured $1 for each tree under one foot in diameter, and for each tree of a diameter of one foot or more three times the value, but, when the court shall be satisfied that the defendant was guilty through mistake and believed the timber was growing on his own land, it shall render judgment for no more than the true value. This action, brought under the statute, is a possessory action, and a plaintiff is bound to show possession, actual or constructive, as a prerequisite to recovery. *Avery* v. *Spicer,* 90 Conn. 576, 579, 98 A. 135. Proof of his title and the absence of actual, exclusive possession by another are sufficient to show constructive possession in the plaintiff. *Radican* v. *Hughes,* 86 Conn. 536, 545, 86 A. 220; *Dawson* v. *Davis,* supra, 334. Under the pleadings in this case it is true, as argued by the defendant, that the burden was upon the plaintiff to prove either actual or constructive possession of the particular area upon which the twenty trees stood. "While title to a particular tract of land, in the absence of any evidence to the contrary, draws possession with

it, general possession of the tract will not avail as regards any particular piece of land unless it is satisfactorily shown to have been a part of that tract." *Pepe* v. *Aceto,* 119 Conn. 282, 286, 175 A. 775. As pointed out in the preceding paragraph, however, the plaintiff's testimony was adequate to satisfy this requirement since it was sufficient to show that the particular tract where the twenty trees stood was included within and was a part of the land described in his deed. This testimony of the plaintiff, in connection with the other evidence in the case, was enough to warrant a finding of either actual or constructive possession of the area in question in the plaintiff. It follows from what we have said that the defendant's assignments of error directed to the finding, the charge and the denial of the motion to set aside the verdict and predicated upon the insufficiency of the plaintiff's testimony as to title and possession are without merit.

The evidence leaves no room for doubt that although the cutting was not done by the defendant himself it was done by his employees. As we stated upon the previous appeal in this case, "The principle embodied in the maxim, qui facit per alium facit per se, applies, and the defendant would be liable under the statute before us for trees cut in fact by his authorized agents or employees." *Banks* v. *Watrous,* 134 Conn. 592, 600, 59 A. 2d 723. The burden rested upon the plaintiff, however, to prove that this cutting by the defendant's employees was done within the scope of their employment. The defendant claims that there was no evidence to support such a finding. The short and sufficient answer appears in his own testimony. After admitting that on the date in question his crew, under the direction of his son, were cutting trees in "the vicinity," meaning the area surrounding that where the twenty trees had stood, he testified on cross-exami-

nation as follows: "Q. You mean which you would have cut if it hadn't gotten dark, is that right? A. Naturally if one's buying timber, Mr. Foster, they cut it. Q. In other words, you would have cut that timber if it hadn't gotten dark that night? A. Certainly. Q. And if it had been clear the next day? A. We would have come down the next day, all in good faith, and I would have cut the timber, believing it was mine." This testimony of itself was sufficient to support a finding that the defendant's choppers were acting within the scope of their employment, and it finds ample corroboration in admissions made by the defendant on the day immediately following the cutting as well as in other evidence in the case.

Upon the question of damages, the plaintiff's witness Fennell testified that in his opinion as an expert the timber value of each of the large trees cut was $40, while the defendant's experts placed the value at from $4 to $5 per tree. The defendant claims that Fennell's testimony should not have been allowed because it was not shown that he was qualified to testify as an expert as to the timber value of these trees, since it appeared that as a tree surgeon his knowledge related to shade tree rather than timber values, and further that by reason of his lack of knowledge of the latter values the grounds upon which his opinion was based were so unreasonable as to render it inadmissible. See *Driscoll* v. *Jewell Belting Co.,* 96 Conn. 295, 299, 114 A. 109. The qualification of an expert is in the discretion of the trial court. *Aubrey* v. *Meriden,* 121 Conn. 361, 368, 185 A. 87. "The underlying principle is that if any reasonable qualifications can be established, the objection goes to the weight rather than to the admissibility. . . .". *Wray* v. *Fairfield Amusement Co.,* 126 Conn. 221, 224, 10 A. 2d 600; *Sanderson* v. *Bob's Coaster Corporation,* 133 Conn. 677, 682, 54 A. 2d 270. While it appeared

that Fennell's activities had been primarily concerned with shade trees rather than timber, he testified that he had made sales of standing trees for lumber purposes and that he was familiar with lumber values from that experience. In the light of this testimony we cannot hold that the court erred in ruling that he was qualified to testify as an expert upon the timber value of the trees cut.

The defendant's two remaining claims require but brief mention. The first relates to testimony by the witness Fennell of the value of the trees as shade trees. Over the defendant's objection he was allowed to testify to a valuation of the trees as standing shade trees greatly in excess of what he had stated their timber value to be. The defendant's motion to strike out this testimony was denied. Subsequently, however, after the witness had testified that the figure which he had stated the trees were worth for lumber was not based on their shade tree value, the defendant renewed his motion to strike out the testimony as to their value as shade trees and it was granted. The jury were instructed at that time to disregard this valuation and that no shade tree value theory was involved in the case. In its charge, the court reiterated this instruction and stated, "Now as I have already informed you . . . you will disregard all testimony in reference to so-called shade tree value." Under the circumstances, the court's rulings did not constitute prejudicial error. *Gorman* v. *Fitts,* 80 Conn. 531, 534, 69 A. 357; *State* v. *Buonomo,* 88 Conn. 177, 182, 90 A. 225.

There is no basis upon this record for the further claim of the defendant that the court erred in failing to give him the benefit of a charge that the plaintiff was under a duty to mitigate any damage and that therefore this principle was not taken into account in the amount of damages awarded. The claims of proof, by

which the charge is tested, disclose that no claim was made by the defendant which afforded a basis for presenting the issue of mitigation of damages. No charge on the subject was required.

There is no error.

In this opinion the other judges concurred.