ALBERT LaFRENIERE *v.* JOHN GALLINAS ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and BORDON, Js.

Argued June 8—decided July 25, 1961

*William B. Hennessy,* with whom, on the brief, was *Leonard M. Caine,* for the appellant (plaintiff).

*Michael V. Blansfield,* for the appellees (defendants).

Murphy, J.   The plaintiff in this action asked for an injunction against the defendants to restrain them from trespassing on his land, and damages. The defendants filed an answer which in effect amounts to a general denial of the allegations that

the plaintiff was the owner and in possession of the land in dispute and the defendants had committed a trespass. Judgment was rendered for the defendants, and the plaintiff has appealed.

The plaintiff by his assignments of error sought, in effect, to substitute his draft finding for the major portion of the finding filed by the court, despite the criticism of such an attempt in *Osuch* v. *Osuch,* 146 Conn. 90, 91, 148 A.2d 138; *Zullo* v. *Zullo,* 142 Conn. 695, 699, 117 A.2d 838; *Winnick* v. *Parish,* 142 Conn. 468, 474, 115 A.2d 428; *Eastern Sportswear Co.* v. *S. Augstein & Co.,* 141 Conn. 420, 422, 106 A.2d 476; and cases cited therein. The consideration of the plaintiff for this court is evident in the statement in his brief that he was not arguing some of the claimed errors because to do so would put an intolerable burden upon us. Despite that, some of his corrections can be and are adopted in order to clarify the finding and resolve the ambiguity in it, caused to a great extent by its lack of continuity.

As corrected, the finding recites that Lavergne G. Clark in 1925 conveyed by warranty deed to John Gallinas, the father of the named defendant, a piece of property lying in the towns of Prospect and Naugatuck. According to the description in the deed, the property fronted easterly about 470 feet on Clark Hill Road, and its southerly boundary extended 1230 feet, more or less, in a straight line westerly from a point six feet west of a walnut tree on Clark Hill Road, "along a private way owned by" Clark. The property was conveyed by Gallinas to the defendant Helen Gallinas, his wife, in 1934. He died in 1958, prior to the institution of this action. The plaintiff's predecessor in title, William P. Gagne, acquired what is now the plaintiff's property by warranty deed from Lavergne G. Clark in 1944.

Gagne conveyed it to the plaintiff in 1950 by warranty deed. Both of these deeds recited the northerly boundary of this piece to be 1180 feet, more or less, on land of Helen Gallinas to Clark Hill Road, and the easterly boundary to be 30 feet, more or less, on Clark Hill Road. The southerly boundary extended 280 feet, more or less, west from Clark Hill Road. The rest of the easterly and southerly boundaries followed an irregular pattern along properties of several adjoining landowners. As the dispute between the plaintiff and the defendants concerns only their common boundary, that is, the southerly line of the Gallinas property and the northerly line of the plaintiff's property, detailed descriptions of the other bounds of both pieces are unnecessary. The easterly ends of both properties lie in the town of Prospect, but the greater part of them are in Naugatuck. Lavergne G. Clark, the common owner and grantor, died in 1944.

In 1925, prior to the purchase by Gallinas of his property, he and his son, the named defendant, then thirteen years old, walked over the piece with Clark and tacked a single strand of wire to the trees along the line pointed out by Clark as the boundary. After the deed passed, a three-strand barbed wire fence was erected in place of the single strand. The part of the fence along the southern boundary of the Gallinas property extended in a general westerly direction from Clark Hill Road in an irregular curve, rather than a straight line, to an axle which had been driven into the ground. The fence line then veered to the northwest to a barkless ash tree on the westerly boundary line. In 1934, the fence was extended westerly from the axle to the east line of the adjoining Roberts property and then northerly to the ash tree. The fence from the axle

to the ash tree was removed, and thus Gallinas obtained the use and possession of a triangular piece. All of this was done with the approval and consent of Clark.

In 1955, the plaintiff caused the fence along the southerly line of the Gallinas property to be pulled down by his son. It was subsequently replaced by the named defendant, John Gallinas, and Gould Clark, the son of Lavergne G. Clark. Since 1925, the area north of the fence from Clark Hill Road to the axle and, since 1934, the triangular piece have been used and occupied by the Gallinas' for the pasturing of cattle and the keeping of pigs and chickens, and as a small farm. Such use and occupation have been continuous and open, and no claim to any part of the area occupied was made by any other person until the plaintiff had the fence pulled down in 1955.

The plaintiff claims that the common boundary started at a point on Clark Hill Road at the easterly end of a stone wall on the north side of the private way and extended in a straight line northwesterly to the ash tree to which reference has been made. The area in dispute between the parties lies between that line and the fence line farther south. The location of the point of beginning of the common boundary is the only point upon which the parties agree. The private way is designated as Maple Avenue on the assessors' map and on a general area map prepared by the plaintiff's surveyor. The stone wall is about 265 feet long. The private way is thirty feet wide. It was conveyed by Lavergne G. Clark to Gagne and by Gagne to the plaintiff, as is apparent in the description in their deeds of thirty feet on Clark Hill Road and, on the south, 280 feet along adjoining property. The line pro-

jected in the plaintiff's survey from the easterly end of the stone wall to the ash tree is not along the northerly side of the private way but angles northwesterly from the beginning of the private way at Clark Hill Road, so that opposite the westerly end of the stone wall the line is 97.5 feet north of it. The claim of the plaintiff disregards entirely the description in the deed from Clark to Gallinas bounding the latter's property southerly along the private way and the description in both the plaintiff's and Gagne's deeds locating the plaintiff's northerly boundary along land of Helen Gallinas. A projection of the northerly line of the private way from Clark Hill Road to the west in a straight line would terminate at a point on the plaintiff's property about 350 feet south of the present westerly terminus of the fence line on the so-called common boundary.

Trespass is founded on a violation of the right of possession. *Chapel-High Corporation* v. *Cavallaro,* 141 Conn. 407, 410, 106 A.2d 720. Since trespass is a possessory action, it is incumbent on the plaintiff to prove possession, actual or constructive, in order to recover. *Banks* v. *Watrous,* 136 Conn. 597, 599, 73 A.2d 329. Where, as here, damages for trespass, and an injunction, are sought and both title and possession are alleged, both the title of the plaintiff to the disputed area and his possession of it are put in issue, if the answer is a general denial, and the burden of establishing them is on him. Also, he is obliged to locate the boundary line. *Barrs* v. *Zukowski,* 148 Conn. 158, 164, 169 A.2d 23. The court could find, as it did in effect, that the plaintiff failed to sustain the burden of proof imposed upon him.

The deeds from Clark to John Gallinas and from the latter to his wife were relied upon by the plain-

tiff to establish his case and were marked in evidence as his exhibits. The defendant Helen Gallinas did not allege adverse possession as a special defense. She did not seek to have the title adjudicated, affirmatively, in her, and the judgment did not do so. The evidence offered by the defendants to which the plaintiff objected was admissible to rebut his claims of title to and possession of the area in dispute. See *Loewenberg* v. *Wallace,* 147 Conn. 689, 698, 166 A.2d 150. The other assignments of error do not require discussion. The conclusion that the plaintiff failed to establish title to or possession of this area was fully warranted.

There is no error.

In this opinion the other judges concurred.