ALICE M. MORE *v.* STEVE URBANO

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued October 4, 1963—decided February 18, 1964

*Robert L. Fay,* for the appellant (plaintiff).

*Milton G. Harrison,* for the appellee (defendant).

COMLEY, J. The plaintiff brought this action to compel the defendant by mandatory injunction to remove a retaining wall and a portion of a build-

ing from the land in dispute at the northeast corner of a lot situated on the north side of Hall Avenue in Wallingford. She also sought an injunction restraining the defendant from trespassing on her land. The plaintiff acquired this lot by quitclaim deed from her mother on July 18, 1952. The deed gave the dimensions of the lot as 63 feet, more or less, for the front and rear lines, and 155 feet, more or less, for the side lines. The defendant owns two lots, one adjoining the east side of the plaintiff's property and the other adjoining the north side, or rear, of the plaintiff's property. The land in dispute is a small triangle at the northeast corner of the plaintiff's lot. At this point and elsewhere along the northerly and easterly boundaries of the plaintiff's property, the defendant's property is much lower than the plaintiff's, the difference in elevation being as much as ten feet. To prevent erosion of the higher land, the plaintiff's father, who had owned the plaintiff's lot before his death in 1933, had erected a retaining wall at the rear of the lot. The wall began at the westerly boundary line and extended easterly about thirty feet; it ended about thirty-three feet from the northeast corner. Many years ago, bushes had been planted and a wire fence erected on the plaintiff's land to prevent children from falling down the slope, but in the course of time the fence disintegrated and largely disappeared.

In March, 1953, a young niece of the plaintiff fell down the slope at the northeast corner and broke her leg. Thereafter, the defendant built the retaining wall which is involved in the present dispute. It commences about five feet south of the northerly boundary line claimed by the plaintiff and runs in a northwesterly direction for about

twenty feet until it meets that line. The defendant has also erected an addition to an existing building. The addition extends into the triangle. The plaintiff claims therefore that this addition constitutes an encroachment on her land. The area of the alleged encroachment is about twelve square feet.

The court rendered judgment for the defendant on the ground that the plaintiff failed to establish either her title to the disputed area or her possession thereof.

The plaintiff is seeking an injunction and damages for an alleged trespass. In her complaint she claims title and possession to the triangle. The defendant in his answer denied that the plaintiff had either title or possession. Under these circumstances, both are placed in issue, and the burden of proving them is on the plaintiff. *LaFreniere* v. *Gallinas*, 148 Conn. 660, 665, 174 A.2d 46; *Barrs* v. *Zukowski*, 148 Conn. 158, 164, 169 A.2d 23.

When an injunction is sought against continuing acts of trespass, title is always an essential allegation and must be established. *McNamara* v. *Watertown*, 100 Conn. 575, 579, 124 A. 244. Since trespass is a possessory action, it is incumbent on the plaintiff to prove possession, actual or constructive, in order to recover. *Banks* v. *Watrous*, 136 Conn. 597, 599, 73 A.2d 329. If he relies on constructive possession, as distinguished from actual possession, he must prove, in addition to his title, the absence of actual exclusive possession by another. *Radican* v. *Hughes*, 86 Conn. 536, 545, 86 A. 220; *Waterbury Clock Co.* v. *Irion*, 71 Conn. 254, 262, 41 A. 827; *Dawson* v. *Davis*, 125 Conn. 330, 334, 5 A.2d 703. And if he seeks to enforce his rights by a mandatory injunction, he must show actual

possession in himself, since injunctive relief cannot be used to take property out of the possession of one person in order to put it into the possession of another. *Roy* v. *Moore,* 85 Conn. 159, 166, 82 A. 233.

The court found that the defendant was in actual possession of the triangle. This finding is amply supported by the defendant's appendix, by the photographs admitted as exhibits and by the reasonable inferences to be drawn from them. Therefore, the judgment for the defendant must stand.

There is no error.

In this opinion the other judges concurred.