## The Wadsworth Realty Company *v.* Hilding O. Sundberg et al.

House, C. J., Shapiro, Loiselle, MacDonald and Bogdanski, Js.

Argued October 4—decided December 4, 1973

*Nathan A. Resnik,* for the appellant-appellee (plaintiff).

*Roger J. Frechette,* for the appellees-appellants (defendants Frank J. Parese et al.).

SHAPIRO, J.   In this action, the plaintiff, The Wadsworth Realty Company, sought an injunction and damages for an alleged trespass.  In their several and separate answers the defendants Parese and Sundberg put in issue all the material averments of the complaint and as a special defense each defendant pleaded title to the land in dispute by adverse possession.  The defendants Frank J. and Frances Parese, hereinafter called the defendants Parese, as a separate and additional special defense, claimed a right of way by prescription and alleged that when the deed of The Forest Grove Development Company to the plaintiff was delivered, the grantor of that deed was ousted of possession of the premises.  The plaintiff responded to the special defenses with a general denial.  The court denied injunctive relief and damages for the plaintiff, and declared that the defendants failed to prove any title in fee or right to an easement.  The plaintiff appealed the denial of injunctive relief and damages for trespass.  The defendants Parese cross appealed from the denial of their special defenses.

The finding on appeal, which is not subject to correction, recites the following facts:  On May 1, 1946,

Michael Russo and Blacy Russo conveyed title to The Forest Grove Development Company of certain land in the town of North Haven bounded westerly for a distance of 483 feet by Washington Avenue, also known as the Boston Post Road. On July 10, 1948, The Forest Grove Development Company conveyed title to a portion of the aforesaid land to Hilding O. Sundberg and Emily H. Sundberg. On December 22, 1950, The Forest Grove Development Company conveyed title by quitclaim deed of another portion of the former Russo property to the plaintiff. On May 28, 1946, Thomas J. Fitzgerald conveyed title to the defendants Parese to certain land described as being bounded on the north, east and south by land of Russo and on the west by the Boston Post Road. The property of the defendants Parese fronts on Washington Avenue and is to the south of the plaintiff's property. There is a paved asphalt driveway running from the Parese house to Washington Avenue over land of the defendants Parese. The Sundberg property and garage have access to Wadsworth Avenue. A dirt driveway, not well defined, crosses a portion of the plaintiff's land and divides it in such a manner that one portion of it terminates at the rear entrance of the Sundberg house and the other portion terminates at the Parese garage. Both portions of the dirt driveway then reconverge and continue to Washington Avenue. In 1946, all of the area from Washingon Avenue east up to a line near the foundation of the defendants Parese's house which line runs parallel to Washington Avenue was swamp. This included land of both the plaintiff and the defendants Parese. The swampy nature of this land was changed prior to 1948 by Frank Parese who raised the land three feet by filling it with his own loam and he cultivated

it. The filling was done to eliminate mosquitoes and flies around the Parese house. The defendant Frank Parese was the only one who maintained this property in daily use by raking, cutting and planting. To the east of the dirt driveway and over to the Sundberg property is an area which since 1947 was cultivated as a garden by the defendants Parese and used by them to store materials. The dirt driveway was used by the defendants Parese and the Sundbergs. When Frank Parese, who called the driveway Old Brockett Road, began to use it, he did so because he believed the public had a right to use it and he, as one of the public, also had this right. At the present time, Frank Parese uses this dirt driveway because he still feels that the public and he, as one of the public, have a right to use this road. The defendants Sundberg have been using the dirt driveway since 1948 without the permission of the defendants Parese and neither ever paid taxes on the land in question. The defendants Parese never claimed that the Sundbergs or the plaintiff did not have a right to use this same driveway. The defendants Parese volunteered to improve the land and driveway in question because years ago people just did these things without asking.

Based on this finding, the court concluded that the defendants Parese failed to prove that their possession of the locus in quo was adverse and exclusive; that the plaintiff did not prove or even attempt to prove any fact showing an actual possession in itself at any time of any part of the locus in quo; that the defendants Parese and Sundberg failed to prove possession of a character that would ripen into a title by adverse possession or to prove any title in fee or a right to an easement.

On the appeal by the plaintiff, both the plaintiff and the defendants Parese assign error as to certain facts as found by the court, and the defendants Parese assign error as to the court's refusal to find certain facts. We have examined these claims and find no merit to them.

The plaintiff additionally assigns error in the conclusion reached by the court that it failed to prove actual possession in itself of any part of the locus in quo. Conclusions of the court are to be tested by the finding. *Connecticut Bank & Trust Co.* v. *Bovey,* 162 Conn. 201, 205, 292 A.2d 899. The conclusions which the court reached must stand unless they are legally or logically inconsistent with the facts found or unless they involve the application of some erroneous rule of law material to the case. *Lewis* v. *Lewis,* 162 Conn. 476, 480, 294 A.2d 637.

In its complaint, the plaintiff alleged that it was the owner and in possession of the land in dispute. Where both damages for trespass and an injunction are sought and the answer is a general denial, both title to the disputed area and possession are placed in issue. *More* v. *Urbano,* 151 Conn. 381, 383, 198 A.2d 211. Title is an essential element in a plaintiff's case where an injunction is sought to restrain a trespass. *Barrs* v. *Zukowski,* 148 Conn. 158, 165, 169 A.2d 23. Since trespass is a possessory action, it is incumbent on the plaintiff to prove possession, actual or constructive, in order to prevail. *More* v. *Urbano,* supra. Proof of its title and the absence of actual, exclusive possession by another are sufficient to show constructive possession in the plaintiff. *Banks* v. *Watrous,* 136 Conn. 597, 599, 73 A.2d 329.

In this appeal, the finding is devoid of any subordinate facts which would even tend to show an actual possession in the plaintiff. Accordingly the conclusion of the court that the plaintiff failed to prove actual possession was legally and logically consistent with the facts and involved no application of an erroneous rule of law. The burden of proving possession was on the plaintiff, and the plaintiff failed to sustain that burden.

The defendants Parese, on the plaintiff's appeal, assign error in the conclusion of the court that (1) the defendants Parese failed to prove any title in fee or right to an easement, (2) the overruling of their claim that § 47-21 of the General Statutes makes void a deed by one out of possession, and (3) the claim that the plaintiff took nothing as to the area in dispute because not only is there no evidence of the plaintiff's predecessors' lack of possession, but there is affirmative evidence of possession by the defendants Parese.

Where, as in this case, title is claimed by adverse possession, the burden of proof is on the claimant. *Loewenberg* v. *Wallace,* 147 Conn. 689, 699, 166 A.2d 150. Adverse possession is made out only by clear and positive proof. *Robinson* v. *Myers,* 156 Conn. 510, 517, 244 A.2d 385; *Bridgeport Hydraulic Co.* v. *Sciortino,* 138 Conn. 690, 694, 88 A.2d 379. The essential elements of an adverse possession sufficient to create title to the land in the claimant are that the owner shall be ousted of his possession and kept out uninterruptedly for a period of fifteen years, by an open, visible and exclusive possession by the claimant without the license or consent of the owner and under a claim of right. *Robinson* v. *Myers,* supra; *Barrs* v. *Zukowski,* 148 Conn. 158,

166, 169 A.2d 23. In the final analysis, whether possession is adverse is a question of fact for the trier. *Padula* v. *Padula,* 138 Conn. 102, 110, 82 A.2d 362; *Shea* v. *Gavitt,* 89 Conn. 359, 363, 94 A. 360.

In this case the court concluded in pertinent part that the defendants Parese failed to prove that their possession was adverse and exclusive, and failed to prove any title in fee. When assigned as error, such conclusions are tested by the finding and not by the evidence. *Johnson* v. *Zoning Board of Appeals,* 156 Conn. 622, 624, 238 A.2d 413; *Brockett* v. *Jensen,* 154 Conn. 328, 331, 225 A.2d 190; *Craig* v. *Dunleavy,* 154 Conn. 100, 105, 221 A.2d 855.

So tested, these conclusions of the court are amply supported by the finding on appeal recited above. They are legally and logically consistent with the facts found and do not involve the application of any erroneous rule of law material to the case. *Barnini* v. *Sun Oil Co.,* 161 Conn. 59, 64–65, 283 A.2d 217; *Yale University* v. *Benneson,* 147 Conn. 254, 255, 159 A.2d 169. The conclusion that the defendants Parese failed to prove that their possession was adverse and exclusive specifically negates the elements of ouster and exclusive use. Thus, there was no error in the reaching of such a conclusion by the trial court.

The defendants Parese also assign error in the conclusion of the court that they failed to prove a right of way by prescription. To acquire a right of way by prescription, there must be a user which is open, visible, continuous and uninterrupted for fifteen years and made under a claim of right. General Statutes § 47-37; *Putnam, Coffin & Burr, Inc.* v. *Halpern,* 154 Conn. 507, 515, 227 A.2d 83. Use

under a claim of right means "without recognition of the rights of the owner of the servient tenement." *Zavisza* v. *Hastings,* 143 Conn. 40, 46, 118 A.2d 902; *Aksomitas* v. *South End Realty Co.,* 136 Conn. 277, 281, 70 A.2d 552.

Where the use of a right of way is in common with the public, that common use is regarded as negating a presumption of grant to any individual use. In such case the individual user must, in order to establish an independent prescriptive right, perform some act to the knowledge of the servient owner clearly indicating his individual claim of right. *Missionary Society* v. *Coutu,* 134 Conn. 576, 582, 59 A.2d 732. Whether the requirements for such a right have been met in a particular case presents a question of fact for the trier of facts after the nature and character of the use and the surrounding circumstances have been considered. *Klein* v. *DeRosa,* 137 Conn. 586, 589, 79 A.2d 773.

The court found the following facts: When the defendant Frank Parese began to use the dirt driveway, which he called Old Brockett Road, he did so because he believed the public had a right to use the road and he, as one of the public, had a similar right to use it. At the present time, he uses this dirt driveway because he still feels that the public and he, as one of the public, have a right to use it. The defendants Parese never claimed that the defendants Sundberg or the plaintiff did not have the right to use this same driveway since they themselves began to use it, and the defendants Parese make no such claim now.

The trial court correctly concluded that the defendants Parese's use in common with others, es-

pecially the defendants Sundberg, was in no way distinctive from that of the general public and properly denied their claim to a right of way by prescription.

Finally, error is assigned by the defendants Parese in the overruling of their claim that § 47-21 of the General Statutes makes void a deed by one out of possession and the claim that the plaintiff took nothing as to the area in dispute because not only is there no evidence of the plaintiff's predecessors' lack of possession but there is affirmative evidence of possession by the defendants Parese. Section 47-21 states that "[a]ny conveyance or lease, for any term, of any building, land or tenement, of which the grantor or lessor is ousted by the entry and possession of another, unless made to the person in actual possession, shall be void." "The possession necessary to constitute an ouster under § 47-21 is not some fleeting or ephemeral technical invasion of the property . . . . Rather, it is possession of a character such that it would, if continued for the requisite period, ripen into a title by adverse possession." *Loewenberg* v. *Wallace,* 147 Conn. 689, 694, 166 A.2d 150. As already stated, the essential elements of an adverse possession sufficient to create title to the land in the claimant are that the owner shall be ousted of his possession and kept out uninterruptedly for a period of fifteen years, by an open, visible and exclusive possession by the claimant without the license or consent of the owner. *Robinson* v. *Myers,* 156 Conn. 510, 517, 244 A.2d 385; *Barrs* v. *Zukowski,* supra.

Since we have already determined that the trial court did not err in concluding that the defendants Parese failed to prove the adverse and exclusive

possession necessary to acquire title by adverse possession, we find no error in the conclusion reached by the court that the defendants Parese lacked the possession necessary to constitute an ouster under § 47-21. The trial court did not err in overruling the defendants Parese's claim.

The conclusions which we have reached with reference to the defendants Parese's assignment of error on the plaintiff's appeal are dispositive of the defendants Parese's cross appeal. The finding on cross appeal does not affect the above results and the assignment of error raises no new issues.

There is no error.

In this opinion the other judges concurred.