[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff brings this action against her immediate neighbors, the Defendants, in three counts. Count One alleges trespass by Defendants on Plaintiff's real property. Count Two alleges that the Defendants moved boundary markers on Plaintiff's land. Count Three claims that Defendants erected a malicious fence on Plaintiff's property.
This case is determined by a resolution of title to the disputed area located between the parties' adjoining parcels on Lake Street, Coventry, Connecticut.
The root of both parties' titles lies with a common grantor, Doris G. Boudreau. The Plaintiff's chain of title to her Lake Street property is as follows: Doris G. Boudreau to Lucius A Pettingill, September 21, 1940 [Exhibit #5]; Pettingill to James R. and Johanna M. Hoyt, November 18, 1954 [Exhibit #4]; Hoyts to Robert E. and Elizabeth K. Lee, August 1, 1963 [Exhibit #3]; Robert E. Lee to Elizabeth K. Lee, October 18, 1967 [Exhibit #2]; and Mrs. Lee to the Plaintiff January 28, 1977 [Exhibit #1].
The Defendant's title chain is Doris G. Boudreau to Robert E. and Virginia M. Clapp, May 21, 1948 [Exhibit #6] and from the Clapps to the Defendant, Candace E. Shaw, August 4, 1987.
The Defendant, Candace Shaw, is the daughter of the Clapps and has resided on the Lake Street property for most CT Page 3363 of her life.
The parties' deeds are in conflict as are surveys which they rely on. The Court finds the issue of title to the property which is shaded in Exhibit #7; is determined by application of the doctrine of adverse possession.
The essential elements of an adverse possession sufficient to create title to the land in the claimant are that the owner shall be ousted of their possession and kept out uninterruptedly for a period of fifteen (15) years, by an open, visible and exclusive possession by the claimant without the license or consent of the owner and under a claim of right. Ruick v. Twarkins, 171 Conn. 149, 155,367 A.2d 1380 (1976); Wadsworth Realty Co. v. Sundberg, 165 Conn. 457,462, 338 A.2d 470 (1973).
The Defendant, Candace Shaw makes a claim under adverse possession which admits the legal title in the Plaintiff, 3 Am.Jur.2d, Adverse Possession, Section 9.
The burden of proof on an adverse possession claim is clear and positive proof which is understood to be clear and convincing evidence. Evidence which "induces in the mind of the trier a reasonable belief that the facts asserted are highly probably true, that the probability that they are true or exist is substantially greater than the probability that they are false or do not exist. Matto v. Dan Beard, Inc.,15 Conn. App. 458, 475 (1987), Clark v. Drako, 1 Conn. App. 481,484-85 (1984).
The Defendant, Candace Shaw who was born in 1950, resided at 85 Lake Street, Coventry, Connecticut from 1950 to 1977; and again from 1987 to the date of trial. In the interim period when she was not a resident at such property, she visited her parents there three or four times a week. Ms. Shaw through testimony and exhibits established the use of the disputed property by her parents from the early 1950's continuously to 1987 when she used the property. The disputed property contained a driveway, clothes line, lamppost, trees and hedges which were placed on the property by the Clapps. The property was also exclusively used by the Clapps and then Ms. Shaw and the co-defendant Daniel Green.
The testimony and exhibits provided by the Defendants was corroborated by Mr. James Hoyt. Mr. Hoyt owned the Plaintiff's property, 75 Lake Street, from 1954 through 1963. he indicated that the disputed area was the property of the Clapps, and was exclusively used and maintained by them. CT Page 3364
He further testified that the boundary as understood by him was walked with Mr. Lee, his successor in title. The Lees are both now deceased.
Mr. Hoyt also indicated that the boundary line with the Clapps owning the disputed property was reflective of a fence put up by his predecessor in title, Lucius Pettingill. He understood from Pettingill that the Clapps owned the disputed property.
This evidence clearly established an open, visible, hostile and exclusive possession of the disputed property by Defendant, Candace E. Shaw and her predecessors in title. This possession originated not later than the early 1950's.
The facts of conveyance from the Clapps to their daughter, Ms. Shaw; certainly satisfy the requirement of privity of possession for taking their periods of successive, uninterrupted adverse possession. Matto v. Dan Beard, Inc.,15 Conn. App. 458, 479 (1988). The 15 year requirement was met by the Clapps from 1952 to 1977 and is certainly more than satisfied by the combined period of nearly thirty (30) years.
The Defendant, Ms. Shaw's claim of right arises from her deed and her 1963 survey which reflects the property line to include the disputed parcel in 85 Lake Street.
Plaintiff's evidence of periodic maintenance was not sufficient to counter the testimony of Ms. Shaw, Mr. Green, the photographs of the property and the disinterested and highly credible evidence from Mr. Hoyt.
The Defendant has proved by clear and convincing evidence that the disputed property reflected in a shaded portion of Exhibit 7 is her property by application of the principals of adverse possession.
The Plaintiff has failed to prove that the fence was maliciously erected. Her other claims also fail by her failure to prove ownership of the property.
Judgment enters for the Defendant or the claim and also on the counterclaim. The boundary is found to be as indicated in the 1963 survey and the iron pins referenced therein.
BY THE COURT, HON. ROBERT McWEENY SUPERIOR COURT JUDGE CT Page 3365