[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AFTER A TRIAL TO THE COURT
The plaintiff instituted the present action seeking monetary damages and equitable relief against the defendant utility arising out of the construction and maintenance of power lines by the utility on a right of way over the plaintiff's property. In 1987 the utility replaced a lattice type tower which carried the electrical lines. The tower had an enlarged (base from 25' 6" square to 30') square and was somewhat higher by a few feet.
The amended complaint filed by the plaintiff alleges that the 1987 tower emits an electro magnetic field ("EMF") which is hazardous and dangerous. At the beginning of the trial, counsel for the plaintiff stated that the plaintiff was no longer making a claim in this law suit that EMF was hazardous or dangerous and the plaintiff produced no evidence on that issue. Similarly the CT Page 603 plaintiff produced no evidence as to whether any EMF from the 1987 lines was greater or less than any previous EMF. At the conclusion of the plaintiff's case, the defendant filed a motion to dismiss the action, pursuant to Practice Book § 302, asserting that the plaintiff had failed to make out a prima facie case.
The court reserved a decision on the defendant's motion and heard the evidence presented by the defendant's experts who were present in the court room. Accordingly, the court is now considering the defendant's motion to dismiss the action for the failure to make out a prima facie case.
The plaintiff presented evidence that she purchased the property in 1985 for the sum of $115,000 and made some capital improvements to the property since that date. At the time the property was purchased, the utility had an easement permitting it to carry electrical lines across the plaintiff's property and, at the time of purchase, there was a lattice type tower on the property for that purpose. In 1987 the utility reconstructed the tower, putting it somewhat closer to the plaintiff's house but still within boundary of the easement. The plaintiff testified that the value of the property with the electrical towers on it was, in her opinion, $240,000, and, without the power lines the property could be worth up to $380,000. The plaintiff also testified that she placed the property on the market on a couple of occasions, the last occasion being in 1993. She had the property on the market at that time for approximately three months for a $300,000 asking price but was unable to sell the property. The real estate appraiser who testified on behalf of the plaintiff testified that the property as encumbered with the power lines had a value, in 1995 when he did his appraisal, of $260,000 and without such encumberances the property would have had a value of $345,000. The plaintiff's real estate expert testified that the value of the property is reduced because of the existence of power lines for a variety of reasons including esthetics and the restriction of the use of the property because of the existence of the easement. He also testified that, in the past, there has been publicity about the dangerous propensities of EMF and that the existence of that publicity reduced the value of the property quite apart from whether EMF was or was not dangerous or hazardous. The realtor also testified that his real estate office no longer accepts listings with homes that have power lines. No testimony was submitted on behalf of the plaintiff which tended to establish that any reconstructive work done in 1987, in and of itself, effected the value or use of the CT Page 604 property.
The first count of the complaint reports to set forth a cause of action based upon a trespass. The claim for trespass involves a wrongful intrusion in violation of a possessory right.McCullough v. Water Front Park Assn., Inc., 32 Conn. App. 746,749 (1993); LaFreniere v. Gallinas, 148 Conn. 660, 665 (1961);Avery v. Spicer, 90 Conn. 576, 579 (1916); Abington Ltd.Partnership v. Tulkit Science Center For Student Development. Inc., 11 Conn. L. Rptr. No. 11, 349 (May 23, 1994) (Satter, S.T.R.). Given the fact that the towers carrying the electrical lines were placed within the area granted by the easement, the conduct of the utility cannot be said to be wrongful. Given the fact that the EMF is not claimed to be harmful, there can be no intrusion in violation of a possessory interest. Accordingly, the plaintiff cannot maintain a cause of action and trespass. Paragraph 20 of the first count also sets forth a cause of action for personal injuries. However, the conduct of the defendant is not wrongful; the EMF's are not claimed to be harmful; and there has been no evidence of injuries; the plaintiff has therefore not demonstrated a cause of action for personal injuries.
The second count of the complaint alleges that easement has been abandoned. However there has been no evidence of abandonment and the plaintiff therefore cannot maintain any claims based upon those allegations.
The third count of the amended complaint reports to set forth a cause of action based upon the existence of a nuisance which requires the plaintiff to prove the following four elements; "(1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; and (4) the existence of the nuisance was the proximate of the plaintiff's injuries and damages."Tomasso Bros. Inc. v. October Twenty-Four. Inc., 221 Conn., 194,197 (1992). The condition complained of is not claimed to create a "danger" and there has been no demonstration that the use of the land by the defendant was unreasonable or unlawful. Accordingly the plaintiff cannot maintain a cause of the action in nuisance.
The fourth and final count of the amended complaint asserts that the use of the easement by the defendant constitutes an unjustified taking of the plaintiff's property in violation of CT Page 605 article first § 11 of the Connecticut Constitution without just compensation. "The word `taken' in article first § 11 of our state constitution means `the exclusion of the owner from his private use and possession, and the assumption of the use and possession for the public purpose by the authority exercising the right of eminent domain.' . . . A constitutional taking occurs when there is a "substantial interference with private property which destroys or nullifies its value or by which the owner's right to its use or enjoyment is in a substantial degree abridged or destroyed." Tamm v. Burns, 222 Conn. 280, 284 (1992). There has been no constitutional "taking" of the plaintiff's property. The evidence establishes that the utility, pursuant to its easement, constructed power lines on the plaintiff's property. The existence of those power lines caused the value of the property to be reduced as compared to the value of the property if there were no power lines in existence. Both the plaintiff and the appraisal testimony produced in her behalf attributes substantial value to the problem as it now exists although the property would be even more valuable if there were no easement and no power lines. However such facts do not establish a taking of the plaintiff's property. Accordingly the plaintiff cannot maintain a cause of action as set forth in the fourth count of her complaint.
Accordingly the plaintiff has failed to produce evidence to establish a prima facie case and, the motion of the defendant to dismiss the action pursuant to § 302 of the Connecticut Practice Book is hereby the granted. The plaintiff, after the evidentiary hearing, has filed a motion to amend the complaint which is hereby denied on the grounds that the attempted clarification would not change the result.
RUSH, JUDGE